Per Curiam.
One of the defendants swears to what would certainly be a defence against the original holder; but it is necessary to put the endorsee in the same predicament, and to that end it is sworn that the plaintiff received the bill, not in the usual course, but under circumstances of suspicion which ought to-have put him on inquiry. But the conclusion thus indicated is matter to be verified, not by the oath of the party, but by the judgment of the Court: it is in fine a conclusion of law. The only pure matter of fact sworn to, is, that the plaintiff took the draft under circumstances which do not ordinarily'attend the negotiation of commercial paper; but all-such circumstances may not equally affect a party with notice; and, without having them exhibited, how can the Court say whether they are circumstances of suspicion at all ? They ought to have been set out; for it is not enough to swear to a general allegation of defence, without submitting the particulars, in order that the Court may determine whether it be in truth what it is called; and for this defect, the affidavit is palpably insufficient.
Judgment affirmed.
Cited, by Counsel, 6 Wharton, 471; 6 Watts & Sergeant, 222 ; 2 Barr, 348 ; 1 Wright, 235.
Cited by the Court, 4 Casey, 296.
As to when an endorsee must show that he is a bona fide holder, see 2 Wharton, 265 ; 4 Watts & Sergeant, 447 ; 7 Barr, 477; 5 Casey, 367.