## DICKSON ET AL. v. PRIMROSE ET AL.

### January 11, 1840.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

A. and B. were partners trading in St. Louis, under the firm of " A. & B.," and in Philadelphia under the firm of " B. & A."   A. drew a bill in the name of " A. & B." at St. Louis, on the firm of " B. & A." at Philadelphia, in favour of C., for a debt due C. by A. individually, and A. at the same time accepted it by the Philadelphia firm-name of " B. & A."   This was done by A. in fraud of the articles of copartnership between A. & B.   C. endorsed the bill thus accepted to D. who brought suit on it in Philadelphia, against the firm of B. & A.; *Held:*

1. That C., the drawee, took the bill and acceptance out of the usual course of business, and under such circumstances of suspicion of fraud against the Philadelphia partner, that he could not have recovered against B. & A. as co-partners.

2. Nor could the endorsee D. recover, unless he proved affirmatively that he gave value for the bill so endorsed to him.

THIS was an action to September term, 1839, No. 1687, brought by J. N. Dickson, et al., against Violet Primrose and —— Manny, trading under the firm of Primrose and Manny, and Manny and Primrose.

The plaintiff filed a copy of the bill and acceptance on which the suit was brought, as follows, viz.:

" *Exchange for* $500.

" St. Louis, 7th September, 1839.

" Fifty days after date of this our first of exchange, (second of the same time and date, unpaid,) pay to the order of J. B. & M.

[Dickson et al. v. Primrose et al.]

Camden & Co., five hundred dollars, value received, and charge the same to account of

Your obedient servants,

MANNY & PRIMROSE.

" To Messrs. Primrose & Manny, Philadelphia."

(Endorsed.)—" Pay to the order of J. N. Dickson & Co.

J. B. & M. CAMDEN & Co.

" Accepted, PRIMROSE & MANNY."

The following affidavit of defence was filed, viz. :

" V. Primrose, one of the defendants, being duly sworn, doth depose and say, that there is a defence to the above action of the following nature and character, to wit; the draft, the copy of which has been filed in the above case, was never drawn nor accepted by defendant, and if drawn and accepted by said Manny, it was done without the knowledge or consent of defendant, the said Manny must have used the name of the said firm in drawing and accepting the said draft, for his the said Manny's own private debt and individual speculation, as defendant firmly believes. The said Manny well knew that he had no authority, either express or implied, to draw or accept the said draft. Defendant is a saddler by trade, and the said Manny is a harness maker. On the 4th February, 1839, defendant, thinking it would facilitate the sale of his manufactures at the south and west, entered into copartnership with the said Manny, for the purpose of carrying on the manufacture and sale of saddlery, harness, trunks, &c. &c., in the City of Philadelphia, under the firm of Primrose & Manny, and for the purpose of carrying on a concern for the sale of saddlery, harness, trunks, saddlery-hardware, carriage trimmings, &c. &c., in the City of St. Louis, under the firm of Manny & Primrose, and for no other purpose; a copy of the articles of copartnership are hereto annexed; the said Manny could have no occasion to draw on the firm of Primrose & Manny, for the purpose of conducting the said business, as the articles in which the firm of Manny & Primrose dealt at St. Louis, were sent by defendant to him, and none were received from him. But the said Manny has, within the last four months, drawn on the said firm of Primrose & Manny, in this city, various drafts amounting to at least eight thousand dollars, in the name of Manny & Primrose, which defendant has refused to

[Dickson et al. v. Primrose et al.]

accept, and for some time believed they were forgeries, and so informed the banks and holders, and so wrote to said Manny, at the same time telling him that defendant would not accept, and forbidding him to draw. Defendant again avers that said drafts, including the one on which this suit is brought, were drawn, and this one accepted without the consent, approbation, or knowledge of defendant, and not for the use of either of said firms, but for the profit, use and speculation of said Manny, as defendant verily believes, and expects to be able to prove, if permitted to try his case before a jury. Defendant has recently learnt that said Manny has been speculating in lots in St. Louis, and in the store of a hotel, on his own private account, and defendant believes, and expects to be able to prove that the draft on which this suit is brought, was drawn and accepted by said Manny for his private speculations. Defendant would further state that the above suit is brought against Violet Primrose & —— Manny, under the firm of Primrose & Manny, and Manny & Primrose, and the writ in the above suit is so issued against the said Manny, whereas the said Manny is named and called by the name of Jeremiah D. G. Manny, and by that name and surname hath always been named and called."

The agreement referred to in the affidavit was as follows, viz.:

" For the purpose of carrying on the manufactory and sale of saddlery, harness, trunks, &c. &c. in the City of Philadelphia, and for the purpose of carrying on a concern for the sale of saddlery, harness, trunks, saddlery-hardware, carriage trimmings, &c. &c. in the city of St. Louis, Violet Primrose and J. D. G. Manny, do enter into a copartnership, in Philadelphia, under the name and firm of Primrose & Manny, and in St. Louis, under the name and firm of Manny & Primrose, as this agreement between the said Violet Primrose, of the City and County of Philadelphia, in the State of Pennsylvania, on the first part, and Jeremiah D. G. Manny, of the City and County of St. Louis, in the State of Missouri, of the second part, witnesseth :

" That the party of the first part, hereby agrees to furnish in cash as capital, the sum of three thousand dollars, in such amounts, and at such times, as both parties shall hereafter agree.

" That the party of the second part, hereby agrees to furnish in cash, as capital, the sum of three thousand dollars, in such amounts, and at such times, as both parties shall hereafter agree.

[Dickson et al. v. Primrose et al.]

And the party of the first part, further agrees to take an inventory of the stock he now has on hand, in the city of Philadelphia, and put it in as joint stock to the firm at prime cost.

" And the party of the second part agrees to furnish in St. Louis, the same amount of saddlery or stock, (after deducting out the amount of stock he furnishes in Philadelphia,) as the party of the first part furnishes in Philadelphia, at prime cost in St. Louis.

" And the party of the second part doth further agree, that after inventoring to the firm in St. Louis, the same amount of stock, (after deducting out the amount of stock he furnishes in Philadelphia,) as the party of the first part inventories to the firm in Philadelphia, to take out an inventory of the balance of his stock in St. Louis. at cost, and when this amount is ascertained then the party of the first part agrees to assume equality with the equality of the second part, debts now due in Philadelphia or elsewhere, to the amount of the said balance of the said stock.

" And the party of the second part agrees to devote his time and attention to the selling of saddlery, &c. in St. Louis. And the party of the first part, agrees to devote his time and attention to the manufacturing and the supplying the concern in St. Louis, with saddlery, &c. &c. as the want of said concern may require, as well as the selling of saddlery, &c. in Philadelphia. And both parties agree not to draw from the capital and profits of said firms, any more than for ordinary family expenses, until said capital and profits shall amount to more than the want of both firms may require.

" And both parties agree to share the profits and loss of said copartnership. And both parties further agree that the said copartnership shall continue, until either of the parties shall give the other twelve months notice that the partnership must be dissolved.

" And when such notice is given, then the debts of the firms shall be first paid, then each shall render the other, a true statement of their respective firms; and the profits and loss shall be equally divided.

                                    J. D. MANNY.        [L. s.]
                                    V. PRIMROSE.        [L. s.]

Witnessed by E. A. MANNY."

The plaintiff obtained this rule to show cause.

*F. W. Hubbell,* for the rule.
*Perkins,* contra.

[Dickson et al. v. Primrose et al.]

The counsel cited 1 *Lutw.* 16; 3 *Wendell* 418; 10 *Wend.* 462; 15 *Wend.* 364; *Chitty on B.* 637; 6 *E. C. L. R.* 507; 13 *Id.* 480; 2 *Bar. and Ad.* 291; 22 *E. C. L. R.* 78; *Byles on Bills* 21.

PER CURIAM.—The question here is, whether on the affidavit of defence, the plaintiff shall have judgment. As between the original parties to this bill, we think the drawee could not have recovered. It was taken by him from one of the partners, in the name of the firm, for his individual debt, and was accepted by the same partner, residing at St. Louis, in the name of the firm located at Philadelphia, on which it was drawn. These were circumstances so far out of the usual course of trade, as to put the drawee on his guard, against the fraud on the partner of the firm in Philadelphia, which fraud in point of fact existed, as appears by the affidavit. Are the plaintiffs as endorsees in any better situation? The rule is that an endorsee under such circumstances, in order to recover, at least must prove that he gave value for the endorsement, and in some cases he must even show that he took it without any circumstances of suspicion, or his ownership will not be held *bona fide.* Here there is no such proof before us. Under this proceeding, the plaintiff could not give such evidence to the court. We must determine on what is before us, and the case must therefore go to a jury. See Heath *v.* Sansom, 2 *Ba. and Ad.* 291, where the whole subject is discussed.

Rule discharged.