## Reamer *et al. versus* Bell.

1. Bell brought suit as holder of a note payable to the order of Dilworth, by whom it was endorsed, "Pay R. McCurdy, Cash." *Held,* that this being a special endorsement on its face it carried no title to Bell.
2. In the affidavit of defence, the allegation was that the note had been procured by false and fraudulent representations, and the consideration had failed, and a denial that Bell owned the note. *Held* sufficient to put Bell on proof that he was a bonâ fide holder.

October 13th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1875, No. 118.

This was an action of assumpsit, brought December 5th 1874, by Thompson Bell against Josiah Reamer, Wesley Wilson and others, partners under the name of "The Mahoning Iron Company." The writ was served on Reamer and Wilson, and returned "Nihil" as to the other defendants.

The cause of action was the following note :—

"$7833.33⅓.        Youngstown, Ohio, December 1st 1871.

" Two years after date we promise to pay to the order of William Dilworth, Jr., of Pittsburg, Pennsylvania, seventy-eight hundred and thirty-three and one-third dollars, at First National Bank, Youngstown, O., with interest.   This note is secured on land by mortgage deed, duly stamped and stamp cancelled.   Value received in deed of land.

" MAHONING IRON COMPANY,<br>" By Allen Hellawell, Agent."

Endorsed, " Wm. Dilworth, Jr.

Pay R. McCurdy, Cash."

The defendants, by one of them, filed an affidavit of defence :—

" That as deponent is informed, and verily believes and expects to be able to prove on the trial of this cause, the said plaintiff has no title to the note sued on.   That said note was given (inter alia) in part payment of the purchase-money of certain property, situated in Mahoning county, Ohio, sold to the deponent and others by William Dilworth, Jr. (payee of said note), and others, and said note was secured by a mortgage on said property.   That suit for the foreclosure of said mortgage has lately been instituted in the Court of Common Pleas of Mahoning county, Ohio, wherein it appears, by the pleadings and by an affidavit filed on behalf of William Dilworth, Jr., that said William Dilworth, Jr., claims to be the owner of the note sued on in this case.   And deponent says that said note was procured by false and fraudulent representations, in the first instance, in reference to the value of the property, in part payment of which said note was given ; and that the defendants have a full, just and legal defence to the payment of said note and to the foreclosure of the mortgage aforesaid, in this, that the consideration therefor has failed."

The plaintiff took a rule for judgment for want of a sufficient affidavit of defence, which was made absolute April 21st 1875, and judgment entered against Reamer and Wilson for $9382.05.

The defendants took a writ of error, and assigned for error the entering of judgment against them for want of a sufficient affidavit of defence.

*D. T. Watson, J. Dalzell* and *J. H. Hampton*, for plaintiffs in error.—If defendants present a primâ facie case of fraud, the plaintiff is bound to prove that he is a bonâ fide holder : Albietz *v.* Mellon, 1 Wright 367.   The allegations in the affidavit showed a case of frand, and were sufficient to allow defendants to go to trial : Hoffman *v.* Foster, 7 Id. 137.

*Robb & McClung*, for defendant in error.—The defence might

[Reamer *v.* Bell.]

be good against Dilworth, but defendants must show that plaintiff took the note malâ fide: Phelan *v.* Moss, 17 P. F. Smith 59; Heist *v.* Hart, 23 Id. 286.

Mr. Justice PAXSON delivered the opinion of the court, November 15th 1875.

We think the affidavit of defence filed in this case, while not as specific as it might have been, was nevertheless sufficient to prevent judgment. The copy of the note filed by the plaintiff below goes to sustain the denial of his title contained in the affidavit referred to. It is endorsed " William Dilworth, Jr.; pay R. McCurdy, Cash." This is a special endorsement, and upon its face conveys no title to the plaintiff below. The further allegation that the note in controversy was procured by false and fraudulent representations, and that the consideration thereof has failed, coupled with the denial of said plaintiff's title, was sufficient to put the latter upon proof that he is a bonâ fide holder.

Judgment reversed and a procedendo awarded.