# Lerch Hardware Co. Limited, *versus* First National Bank of Columbia.

1. In an action by the indorsee against the maker of a negotiable promissory note, proof by the defendant that the note was fraudulently issued puts the plaintiff to proof of his standing as a *bona fide* holder for value.

[Lerch Hardware Co. *v.* First Nat. Bank of Columbia.]

2. In an action by the indorsee of a negotiable promissory note made in the name of a limited partnership company, organized under the Act of June 2d, 1874 (P. L. 271), signed by persons purporting to be officers of such company, and otherwise regular upon its face, an affidavit of defence by such company, setting forth that the note was not given for any purpose within the scope of the partnership business, but was given by one of the members without the knowledge and consent of his co-members, and in fraud of the company, is sufficient to warrant the court in refusing to enter judgment for the plaintiff for want of a sufficient affidavit of defence.

March 6th, 1885. Before GORDON, PAXSON, TRUNKEY, and STERRETT, JJ. MERCUR, C. J., did not sit. GREEN and CLARK, JJ. absent.

ERROR to the Court of Common Pleas of *Berks county:* Of January Term 1885, No. 179.

Assumpsit, by the First National Bank of Columbia against the Lerch Hardware Company, Limited, upon a promissory note. The defendant company was organized under the Limited Partnership Act of June 2d, 1874, and was composed of Elizabeth Lerch, J. C. Bright, Daniel D. Lerch, Wm. J. Lerch, George F. Baer, and Robert Bland.

The note in suit was as follows :—

$493.71.　　　　　　　　READING, Pa., Dec. 13, 1882.

Lerch Hardware Co. Limited.

Four months after date, Lerch Hardware Company, Limited, promise to pay to the order of Hassinger & Brittain, four hundred and ninety-three 71-100 dollars at the Farmer's National Bank. Without defalcation, value received.　　　　　　　　E. R. WELLS.

Countersigned,　　　　　*Secretary and Treasurer.*
　　D. D. LERCH,
　　　　*Chairman.*

Indorsed : Hassinger & Brittain,

Pay H. H. Muhlenberg, cash, or order, for account First National Bank of Columbia.　　　S. S. DETWEILER,
　　　　　　　　　　　　　　　　　　*Cashier.*

Daniel D. Lerch filed the following affidavit of defence :.

The note in suit was not made and delivered in course of the business of the Lerch Hardware Company, Limited, nor for any purpose for which said company was organized. The making of said note was not authorized by the said company; it is signed by D. D. Lerch as Chairman, and by E. R. Wells as Secretary and Treasurer, but the latter is not a member of the said company nor a manager, and has never been elected or appointed as Secretary and Treasurer by the said company or the managers thereof.

The note in suit was delivered to Hassinger & Brittain by

13 OUTERBRIDGE—16

D. D. Lerch aforesaid without the knowledge and consent of any of the other members of the Lerch Hardware Company, Limited, and was delivered for the purpose of loaning to Hassinger & Brittain the credit of the Lerch Hardware Company, Limited, which is forbidden by the Act of Assembly under which the company is organized, unless the majority in number and value of interest consent thereto in writing; all of which this deponent expects to be able to prove upon the trial.

D. D. LERCH.

The court, SASSAMAN, J., made absolute a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, and filed the following opinion in this and another similar case:

" The defendants are a limited partnership under their own appropriate name. Apparently they are properly organized under the law. Their chairman having the designating name of the firm with an acting secretary joining him in signature under the ordinary firm name and in due legal form, puts a note in circulation for a sum within the statutory limits. This note is negotiable in form without any indications of fraud or any excessive exercise of vested power. The note gets into the hands of an innocent holder, matures and is dishonored. Suit is brought for recovery. Defence is made. It is alleged in defence the note was unauthorized, but it is not alleged that the plaintiff had notice of this, nor that it was matter of law of which he was bound to take notice. It is not denied, that, so far as any one outside of the company would be concerned, Lerch and Wells in the making of the note apparently exercised the ordinary functions only of their offices, either *de jure* or *de facto*, and the chairman of the company as the highest officer of said company, in trust, presumably would aid in giving credit by his acts to the acts of his fellow and companion in official trust. On the face of the note there was no indication that it was merely for accommodation or for a loan of credit. Without notice of any such defect as alleged in this particular, the indorsee would be an innocent holder, and in the absence of any allegation to the contrary, an innocent holder for value. We are constrained to hold this doctrine in this case for the safety of trade, which for its success must largely depend upon the faith of the validity of negotiable paper.

A limited partnership within the scope of its organization stands in the same position as any other partnership, or even as any other person, in relation to the paper issued and put into circulation by it. The acts of all its agents and trustees must be taken to be genuine and *bona fide*, until notice or knowl-

edge to the contrary do appear.  If an affidavit would allege such notice or knowledge on the part of a holder against the validity of such paper, the presumption of innocence would depart and the burden would be shifted.  The same rule would hold out upon an allegation that a party indorsee was a holder without valuable consideration given therefor.  I find no such allegation in this affidavit of defence.  The party through whose agents a wrong is perpetrated that affects the innocent, cannot set up the wrong in its own defence.  This affidavit is insufficient on these grounds.

Rule absolute.

The defendant took this writ, assigning for error the said judgment for want of a sufficient affidavit of defence.

*Jeff. Snyder* (with him *D. D. Wingerd* and *Geo. F. Baer*), for the plaintiff in error.—The Supreme Court of this State has steadily held that in a suit by the indorsee of a negotiable promissory note against the maker, where the affidavit of defence shows that the note was obtained by fraud or was fraudulently put into circulation, such affidavit is sufficient to prevent judgment, and the burden is shifted upon the plaintiff to show that he is a *bona fide* holder for value :  Dickson *v.* Primrose, 2 Miles, 366 ; Phelan *v.* Moss, 17 P. F. S., 66 ; Beltzhoover *v.* Blackstock, 3 Watts. 26 ; Knight *v.* Pugh, 4 W. &. S., 447 ; Brown *v.* Street, 6 Id., 221 ; Hutchinson *v.* Boggs, 4 Casey, 294 ; Gray *v.* The Bank, 5 Id., 365 ; Albietz *v.* Mellon, 1 Wright, 367 ; Hoffman *v.* Foster, 7 Id., 137 ; Sloan *v.* Banking Co., 17 P. F. S., 470 ; Smith *v.* Association, 12 Norris, 19 ; Nichols *v.* Brown, 14 W. N. C., 328.

*Henry A. Muhlenberg*, for defendant in error.—The note in suit was regular on its face.  It was within the limit of $500, for which under the law one manager alone could give a note. It was apparently regularly issued, and there was nothing upon its face to excite suspicion of any latent defect.  The defects of negotiable paper perish with its transfer before maturity to a *bona fide* holder for value :  Daniel, Negot. Instr., pp. 2, 3, 130, 135, 276 ; Lord *v.* Ocean Bank, 20 Pa. St., 384.

And there is no allegation in the affidavit that the plaintiff was not an innocent holder for value.  The holder of negotiable paper taken before maturity is presumed to be an innocent holder for value :  Bardsley *v.* Delp, 7 Nor., 420 ; Phelan *v.* Moss, 17 P. F. S., 59 ; Moorehead *v.* Gilmore, 27 Id., 122 ; Battles *v.* Laudenslager, 3 Norris, 452 ; Bank *v.* McCann, 11 W. N. C., 480 ; Banking Co. *v.* Donnelly, 9 Id., 573 ; Loftus *v.* Corles, 9 Id., 333.

Even where the maker shows that the note was fraudulent-

ly obtained as between the original parties, the holder cannot be required to prove that he gave value for it unless his title be in some way impeached: Red. & Big. Ldg. Cases, 188 and 213; Bank *v.* McCann, 11 W. N. C., 480; Banking Co. *v.* Donnelly, 9 Id., 573; Bank *v.* Pass. Ry. Co., 5 Id., 290; Potter and Jones *v.* Price, 3 Pittsburg, 136.

Where one of two innocent parties must suffer, the loss must fall upon the party who committed the act of negligence by which the opportunity for fraud was created.

Mr. Justice TRUNKEY delivered the opinion of the court, March 23d, 1885.

It is not denied that the holder of negotiable paper, who obtained it in good faith, before its maturity, for value, has a good title. In the absence of rebutting proof, the law presumes that he is a bona fide holder for a consideration, without notice, and it is incumbent ,on the defendant to establish the contrary by satisfactory proof, thereby overcoming the prima facie title of the plaintiff, before the latter need do anything more to establish his case than to adduce the bill or note.

To support an action by the indorsee of negotiable paper, against the maker, in the first instance it is only necessary for the plaintiff to put the paper in evidence. Then, if the defendant proves that the paper was put in circulation by fraud or undue means his defence will prevail, unless the plaintiff establishes that he acted fairly and paid value. This was decided more than seventy years ago in Holme *v.* Karsper, 5 Binn., 469, and has continued an accepted rule. In Phelan *v.* Moss, 67 Pa. St., 59, in an elaborate collation of cases respecting the rights of holders of negotiable paper, resulting in an advance in their favor, the doctrine of Holme *v.* Karsper was recognized thus: " It has been held in several cases, and is undoubted law, that the indorsee in a suit by him against the maker of a promissory note, cannot be called on to prove consideration, until the defendant has shown it was obtained or put into circulation by fraud or undue means : Knight *v.* Pugh, 4 W. & S., 445; Brown *v.* Street, 6 Id., 221; Hutchinson *v.* Boggs, 4 Casey, 294; Gray's Adm'rs *v.* Bank of Kentucky, 5 Casey, 365." The latest decisions have set strongly in favor of the principle that nothing but clear evidence of knowledge or notice, fraud or mala fides, can impeach the prima facie title of a holder of negotiable paper taken before maturity : Moorehead *v.* Gilmore, 77 Pa. St., 118. But either with respect to this principle, or to the earlier principle " that if an indorsee takes a note heedlessly, and under circumstances which ought to have excited the suspicions of a prudent and

careful man, the maker or indorser may be let into his defence," the rule remains unshaken that if the defendant proves that the note was obtained or put into circulation by fraud or undue means, the plaintiff will be put to proof that he obtained it before maturity, in good faith, and for value.  " A man who has lost, or been robbed, or defrauded, is to be considered in the light of an unfortunate rather than an imprudent man, and therefore has a claim to protection against mala fide holders.  These are the grounds upon which the rule is placed."

Facts that overcome the plaintiff's prima facie title, and which are sufficient to put him upon rebutting proof, when properly averred in an affidavit of defence, entitle the defendant to a trial by jury.  Where the affidavit set out that the bill in suit was drawn by one partner in the name of the firm and taken by the drawee for his individual debt, and accepted by the same partner, residing at St. Louis, in the name of the firm located at Philadelphia, on which it was drawn, it was held that the indorsee was not entitled to judgment for want of a sufficient affidavit of defence; he must at least prove that he gave value: Dickson v. Primrose, 2 Miles, 366.  An affidavit which set forth facts showing that the payee of the note obtained it by false pretences, but omitting averments as to when or how the holder procured it, was held sufficient " to call upon the plaintiff to show that he is the holder of the note by purchase, for value, before maturity, without notice of the fraud:" Hutchinson v. Boggs & Kirk, 28 Pa. St., 294. The same principle was reiterated in other cases, among which are Hoffman v. Foster, 43 Id., 138, and Smith v. Popular B. & L. Association, 93 Id., 19.  If anything can be settled by a long and unbroken current of decisions, it is settled that an affidavit of defence setting forth that the note or bill in suit was obtained or put into circulation by fraud or undue means, is sufficient.

The defendant in error has cited numerous authorities proving that it is equally well settled that mere want or failure of consideration, or a fraudulent misappropriation of the proceeds of the paper, where the paper was untainted by fraud at its inception and issue, will not be sufficient to put the holder of negotiable paper to proof that he obtained it in good faith, before maturity, for value; nor will an affidavit of defence, merely setting forth such matter, be sufficient: Knight v. Pugh, 4 W. & S., 445; Brown v. Street, 6 Id., 221; Gray's Adm'rs v. The Bank, 29 Pa. St., 365; Sloan v. Union Banking Co., 67 Id., 470.  In the latter case the distinction between paper tainted with fraud at its inception, and paper where there was a fraudulent misappropriation of the proceeds, or a

want or failure of consideration, was shown by SHARSWOOD, J., with his usual clearness. Bardsley *v.* Delp, 88 Id., 420, is ruled on an affidavit which showed that the plaintiff was the holder for value of an accommodation note given by the defendant to the payee who promised to use it for a certain purpose, and violated his promise by using it for another. The case of Potter and Jones *v.* Price, 3 Pitts., 136, was between the makers and payee of the note—Jones as partner could give the note for money borrowed for the firm, and it was not averred that the lender knew the money was for Jones' individual use—the affidavit was insufficient. That case followed the rule that the affidavit must set forth every fact necessary to constitute a defence.

The statute which authorizes the organization of limited partnerships, makes it unlawful for any such association to loan its credit to any person or association without the consent in writing of a majority in number and value of interest. This affidavit sets forth that the note in suit was not made and delivered in the course of business of the Lerch Hardware Company, Limited, nor for any purpose for which said company was organized, and that the making thereof was unauthorized; that said note was delivered to the payee by D. D. Lerch, without the knowledge and consent of any of the other members of the company, for the purpose of loaning the credit of the company to said payee. It is clear that proof of such facts would prevent recovery, were the payee plaintiff in the action, because of the fraud upon the company. This action is by the indorsee, and proof of the facts at the trial would overcome the plaintiff's prima facie title, and prevent recovery, unless the plaintiff establish that he purchased the note in good faith, before maturity; for the fraud was perpetrated at the instant the note was put into circulation.

Judgment reversed, and procedendo awarded.