Camden National Bank of Camden, New Jersey, v: Fries-Breslin Company, Appellant.

*Promissory notes—Affidavit of defense—Res adjudicata—Fraud—Dividend —Corporations.*

In an action against a corporation on a promissory note given for dividends which had been adjudicated by the courts as having been regularly declared, an affidavit of defense is insufficient which avers that the dividends had not been earned, but had been made to appear as due by means of fictitious inventories. Until the judgment establishing the regularity of the dividends has been opened, modified or reversed the defendant company can make no defense in a suit to collect a note given in payment of such dividends. The fact that the defendant company had been enjoined from paying to the payee of the note certain alleged profits, is immaterial as long as the judgment declaring the regularity of the dividends stands unimpeached.

*Promissory notes—Note held as collateral.*

In an action on a promissory note held as collateral security, the holder is entitled to judgment for the whole amount due on it with liability to account for the surplus to the owner of the note.

Argued Jan. 12, 1906. Appeal, No. 338, Jan. T., 1905, by defendant, from order of C. P. No. 2, Phila. Co., Dec. T., 1904, No. 508, making absolute rule for judgment for want of a suffi-

cient affidavit of defense in case of The Camden National Bank of Camden, N. J., v. Fries-Breslin Company. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a foreign attachment. Before WILTBANK, J. Judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Supreme Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*E. Clinton Rhoads,* for appellant.—When an affidavit of defense avers that a note has been obtained or put into circulation through fraud, the burden of proof is upon the holder to show that he is a bona fide holder without notice : Lerch Hardware Co. v. First Nat. Bank of Columbia, 109 Pa. 240 ; Real Estate Investment Co. v. Russel, 148 Pa. 496 ; Lamb v. Burke, 132 Pa. 413 ; Reamer v. Bell, 79 Pa. 292 ; Twitchell v. McMurtrie, 77 Pa. 383 ; Kuhns v. Gettysburg Nat. Bank, 68 Pa. 445 ; Hoffman v. Foster, 43 Pa. 137 ; Loeb v. Mellinger, 12 Pa. Superior Ct. 592 ; Reeper v. Greevy, 5 Pa. Superior Ct. 316 ; Smith v. Popular B. & L. Assn., 93 Pa. 19.

The facts set forth in the affidavit of defense, irrespective of the fraud involved in the original making and circulation of the note, were sufficient to place the burden of proof upon plaintiff, and to require it to prove its title, and that it is a bona fide holder and without notice : Bolles' Penna. Law of Negotiable Instruments, sec. 27, p. 56.

Even if plaintiff should be able to sustain the position as a bona fide holder, it can recover only the amount of loan for which the note in suit was held as collateral : Cromwell v. Sac County, 96 U. S. 51 ; Second Nat. Bank v. Anderson, 14 Pa. C. C. Rep. 513 ; Beckhaus v. Commercial Nat. Bank, 12 Atl. Repr. 72 ; Memphis Bethel v. Bank, 101 Tenn. 130 (45 S. W. Repr. 1072) ; Fisher v. Fisher, 98 Mass. 303 ; New England Trust Co. v. N. Y. Belting, etc., Co., 166 Mass. 42 (43 N. E. Repr. 928) ; Continental Nat. Bank v. Bell, 125 N. Y. 38 (25 N. E. Repr. 1070).

*H. Merian Allen*, for appellee.—It is a well-known principle of law in Pennsylvania that one taking negotiable paper before maturity, as collateral security, is, for all practical purposes, the owner of it without regard to equities between the original parties of which he has no notice, whether arising out of the original transaction or from subsequent dealings, and that one receiving negotiable paper, as collateral security, is entitled to be protected, as a bona fide holder, to the same extent and under the same circumstances as one who becomes the owner of such paper: Munn v. McDonald, 10 Watts, 270; Ege v. Kyle, 2 Watts, 222; Miller v. Pollock, 99 Pa. 202; Philler v. Woodfall, 2 Pa. Dist. Rep. 390; Smith v. Hogeland, 78 Pa. 252; Spering's Appeal, 10 Pa. 235; Jones on Pledges, sec. 89, p. 61; Sloan v. Union Banking Co., 67 Pa. 470; Gray v. Bank of Kentucky, 29 Pa. 365; Knight v. Pugh, 4 W. & S. 445; Heist v. Hart, 73 Pa. 286; Mulligan v. Fitzgerald, 1 W. N. C. 375; Second Nat. Bank v. Morgan, 165 Pa. 199; Matthews v. Long, 3 W. N. C. 512; Blanton v. Craven, 173 Pa. 374.

This case is important for the appellee in that it emphasizes the principle that there must be fraud in the putting into circulation of the note. If the note was properly issued then any questions of fraud between the parties not touching the circulation cannot put the holder upon proof. In the case at bar the note was properly placed in circulation and the facts alleged as growing out of after discoveries cannot affect it: Twitchell v. McMurtrie, 77 Pa. 383; Kuhns v. Gettysburg Nat. Bank, 68 Pa. 445; Hoffman v. Foster, 43 Pa. 137; Merchants, etc., Bank of Columbus v. Pizor, 24 Pa. C. C. Rep. 273.

There is nothing in the affidavit of defense which amounts to a prima facie rebuttal of the appellee's allegation that it is a holder for value and without notice.

Where there is no other person entitled to receive the surplus, the pledgee can recover only the amount of the debt secured: Allaire v. Hartshorne, 21 N. J. L. 665; Stoddard v. Kimball, 60 Mass. 469.


OPINION BY MR. JUSTICE BROWN, March 19, 1906:

In plaintiff's statement there is an averment that it became the holder of the note in suit for value before maturity, and without notice of any defense that the maker might have. The

circumstances under which it obtained the note are set forth in detail. The defendant seeks to avoid liability on the obligation by averring that it was procured by fraud and that the plaintiff is not a bona fide holder for value and without notice. If the note was procured by fraud, the holder would be put to proof of consideration, that it had acted fairly, paid value, and had no notice of the alleged fraud : Hutchinson v. Boggs, 28 Pa. 294 ; Hoffman v. Foster, 43 Pa. 137 ; Reamer v. Bell, 79 Pa. 292 ; Lerch. Hardware Co. v. First National Bank of Columbia, 109 Pa. 240 ; Real Estate Investment Co. v. Russel, 148 Pa. 496.

From a careful examination of the affidavit of defense it is clear that there is no such allegation of fraud in connection with the procurement of the note by Fries, the payee, as would be sufficient to prevent judgment if the suit had been brought on it by him, instead of by the present plaintiff. The alleged fraud upon which the appellant relies for a reversal of the judgment is thus set forth : " Frederick Fries, John M. Carroll, T. J. Breslin, and others were stockholders in the Fries-Breslin Company, a corporation created by and existing under the laws of the state of New Jersey, with its principal offices at Camden, N. J., and the said Frederick Fries claimed, on or before November 25, 1901, that the said Fries-Breslin Company was indebted to him for dividends in a large sum of money. This was denied by the defendant company, chiefly on the ground that the said dividends had not been regularly or formally declared. After suit in the courts of the state of New Jersey it was adjudged that the said dividends were regularly declared, and thereupon the note in the aforesaid suit was given, together with several other notes." This is an admission by the defendant that the note in suit was given in payment, or part payment of the dividends to which it had been judicially determined Fries was entitled. The affidavit of defense then proceeds to aver : " After giving the said note it was discovered by the stockholders of the said company that the said dividends had not been earned, but had been made to appear as due by a fraudulent conspiracy among Frederick Fries and Thomas J. Breslin, whereby, by means of fictitious inventories, dividends were made to appear as earned, when as a matter of fact they had not been earned."

It is to be noted that there is no averment by the defendant that the judicial determination of the regularity of the award of dividends to Fries does not still stand as a judgment that he is entitled to them, and, this being so, his right to receive them cannot be attacked in this proceeding. Until the judgment establishing their regularity has been opened, modified or reversed, the defendant can make no defense in a suit to collect a note given in payment of them. In the suit brought to determine the regularity of the dividends and the right of Fries to receive them every question relating to them was raised, or ought to have been raised.

There is a further averment in the affidavit of defense that the same state of affairs exists regarding a claim of Breslin against the said Fries-Breslin Company; that on July 9, 1904, a bill in equity was filed in the United States circuit court for the district of New Jersey, praying that the said Breslin be enjoined from collecting his claim by reason of the alleged fraud perpetrated by him and the said Fries; that thereafter, on July 30, 1904, an injunction was awarded by the said court enjoining the said Fries-Breslin Company from paying Fries and Breslin any sum of money on account of alleged profits of said company alleged to be due to them, and from paying said Breslin any sum of money on a certain judgment recovered by him against the said company in the supreme court of the state of New Jersey, or through any process issued thereon, and restraining Breslin from collecting the same. But there is nothing in this averment to show that the company was enjoined from paying to Fries the dividends judicially found to have been regularly awarded to him, and in payment of which the company gave the note in suit. There is no allegation that the company was enjoined from paying him his dividends, or that he was enjoined from collecting the note in suit. In short, in this last averment nothing appears as a reason why the company should not pay the note to Fries or to the present holder. Breslin has been enjoined from collecting his judgment, and the Fries-Breslin Company has been enjoined from paying him and Fries any money on account of alleged profits, are the averments of the affidavit of defense; but there is no averment, as stated, that the company has been enjoined from paying the dividends to Fries, or the note given for them. The affidavit

of defense must be taken most strongly against the defendant which made it, and as there is no averment that Fries has been enjoined from collecting the dividends awarded to him, it is to be assumed that the defendant could not make it.

There is nothing else in the affidavit of defense requiring notice, for nothing else appears that can be regarded as a defense. Though the plaintiff holds the note as collateral security, in the absence of any defense against it, even if it was still in the hands of the payee, the appellee is entitled to judgment for the whole amount due on it, with liability to account for the surplus to Fries, for whom the bank will hold said surplus as trustee : 4 Am. & Eng. Ency. of Law, (2d. ed.), p. 347.

Judgment affirmed.