(113 App. Div. 105)

LAWYERS' TITLE INSURANCE & TRUST CO. v. JONES et al.

(Supreme Court, Appellate Division, First Department.   May 11, 1906.)

MONEY RECEIVED—ACTION—COMPLAINT—SUFFICIENCY.

 Negotiable Instruments Law, Laws 1897, p. 732, c. 612, § 95, provides that, in order to constitute notice of an infirmity in an instrument or defect in the title of the person negotiating the same, the one to whom it is negotiated must have had actual knowledge of the infirmity or defect, or such knowledge of the facts that his action in taking the instrument amounted to bad faith.   A complaint, in an action against stockbrokers to recover a sum exacted by them as a condition of returning certain negotiable bonds stolen from plaintiff, which bonds were delivered to the brokers as security for sums due from the thief, alleged that defendants wrongfully refused to return the bonds, except on payment of the amount sued for, which plaintiff paid, believing that the defendants received the bonds as innocent purchasers for value, and that at the time defendants received the bonds, and thereafter they learned facts concerning the thief and his connections with plaintiff, from which they knew or could have ascertained that he was not the rightful owner. *Held*, that the complaint was demurrable, in that the allegations were insufficient to impeach defendants' title to the bonds.

Appeal from Special Term, New York County.

Action by the Lawyers' Title Insurance & Trust Company against Willard H. Jones and others.   From a judgment sustaining a demurrer to the complaint, plaintiff appeals.   Affirmed, with leave to plaintiff to serve an amended complaint.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Lewis H. Freedman, for appellant.

Joseph Larocque, Jr., for respondents.

LAUGHLIN, J.   This is an action against a firm of stock brokers to recover $35,213.43, exacted by them as a condition of returning certain corporate bonds which had been stolen from the plaintiff.   It is alleged in the complaint that the bonds were stolen by one Thomas G. Wylie, an employé of the owner of some of the bonds and the custodian of the others, and delivered to the brokerage firm of Willard H. Jones & Co., to whose rights and liabilities the defendants have

succeeded, "to be held as collateral security for the payment of any
sums of money that might be or become due to said firm upon open
account between the said firm and the said Thomas G. Wylie." The
plaintiff sufficiently alleges facts showing its right to the possession
of the bonds, and also alleges that the defendants wrongfully refused
to return the bonds, except upon payment of the amount for which
recovery is demanded, which the plaintiff paid, believing that the de-
fendants' predecessors "believed Wylie to be the rightful owner of said
bonds and to have the legal right thereto and the legal right to deliver"
the bonds to them, and believing that the defendants' predecessors
"received said bonds as innocent purchasers for value."

There is no allegation that the defendants made any representation
to the plaintiff which justified or gave rise to this belief on its part;
nor is there any allegation that said Wylie did not owe the defendants
upon open account, for credit extended on the security of the bonds, the
amount which the plaintiff was obliged to pay the defendants as a con-
dition of recovering possession of the bonds, or that they were not ac-
cepted in payment and cancellation of an antecedent debt, which would
make them bona fide holders for value. Sutherland v. Meed, 80 App.
Div. 103, 80 N. Y. Supp. 504; Citizens' State Bank v. Cowles, 180 N.
Y. 346, 73 N. E. 33, 105 Am. St. Rep. 765. The only allegations
tending to impeach the right of the defendants to hold the bonds as
security are, that their predecessors, "at the time they so received the
said bonds, and from time to time thereafter, they learned facts con-
cerning the said Wylie and his connection with 'the plaintiff' from
which they knew, or could have ascertained, and were bound to ascer-
tain by inquiry from" the plaintiff, "that the said Thomas J. Wylie
was not the rightful owner of the said bonds, and had no legal right
to the same, and had no legal right to deliver the same to them," and
that the plaintiff paid the money demanded by the defendants in ig-
norance of the fact that the defendants' predecessors, "at the time of
receiving said bonds, had knowledge of facts from which they knew,
or should have known, that Wylie was not at the time the rightful
owners of said bonds."

The bonds in question were negotiable instruments, and the holders
thereof were entitled to all the protection accorded the purchasers or
pledgees of other commercial paper. The plaintiff, without any
fraudulent or other misrepresentation on the part of the defendants,
apparently accepted their statement as to the amount for which they
held the bonds as security, and paid the same without questioning
their right thereto. The action to recover the money thus paid is
one for money had and received, and although the payment may not
be held to have been voluntarily made in a sense to deprive the plain-
tiff of a right of recovery (Scholey v. Mumford, 60 N. Y. 498), yet
the plaintiff must allege and prove that the defendants were not bona
fide holders (Iselin v. Chemical Nat. Bank, 6 App. Div. 532, 40 N. Y.
Supp. 390). If the plaintiff had sued for the bonds, doubtless, on
showing title and that they were stolen, it would have been incumbent
upon the defendants to give evidence that they were bona fide holders
for value. Section 98, Negotiable Instruments Law (Laws 1897, p.
733, c. 612). But that is not this case. The plaintiff accepted and re-

tains the bonds on the terms offered by the defendants, and the burden is now upon it of alleging and proving the facts impeaching the defendants' right to the money they have received, which necessarily involves the allegation and proof of the facts showing that the defendants were not entitled to it. There is no positive allegation that the predecessors of the defendants knew that Wylie did not have the right to pledge the securities. The allegation, and the subsequent recital concerning it, are both in the alternative; and the alternative clause is in each instance a legal conclusion without a statement of the facts upon which it is based. Knowles v. City of New York, 176 N. Y. 430, 68 N. E. 860; Second Nat. Bank of Clarion v. Morgan, 165 Pa. 199, 30 Atl. 957, 44 Am. St. Rep. 652; Stitt v. Garrett, 3 Whart. (Pa.) 281. It is now the well-settled law of the state that the rights of a holder of a negotiable instrument "are to be determined by the simple test of honesty and good faith, and not by a speculative issue as to his diligence or negligence. * * * The holder's right cannot be defeated without proof of actual notice of the defect in title or bad faith on his part evinced by circumstances. Though he may have been negligent in taking the paper, and omitted precautions which a prudent man would have taken, nevertheless, unless he acted mala fide, his title, according to the settled doctrine, will prevail." Section 95, Negotiable Instruments Law (chapter 612, p. 732, Laws 1897); Second Nat. Bank v. Weston, 172 N. Y. 250, 64 N. E. 949; Manhattan Savings Inst. v. N. Y. Nat. Exch. Bank, 170 N. Y. 58, 62 N. E. 1079, 88 Am. St. Rep. 640; Welch v. Sage, 47 N. Y. 143, 7 Am. Rep. 423; Seybel v. Nat. Currency Bank, 54 N. Y. 288, 13 Am. Rep. 583. Tested by this rule, it is evident that the allegations of facts are insufficient to impeach the title of the defendants.

It follows that the judgment should be affirmed, with costs, with leave to the plaintiff, within 20 days from the service of the order to be entered hereon, to serve an amended complaint, on payment of costs in this court and in the court below. All concur.