## Eyre *versus* Yohe *et al.*

67　477
187　261
67　　477
29 SC　553
67　　477
32 SC　143

1. In a suit on a negotiable note by an endorsee against the maker, the affidavit of defence was that the note was the property of the payee, that the endorser's name was used to avoid a defence of usury against the note, that the note had been renewed four times and at each time the payee received usury and the defendant was entitled to a defence to the extent of the usury. The defendant did not aver that he expected to be able to prove the defence alleged. *Held*, to be a sufficient affidavit of defence.

2. It is not necessary on such positive affidavit that defendant should aver his ability to prove the defence alleged, especially as the defendant is a competent witness on the trial.

February 10th 1871. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

[Eyre *v.* Yohe.]

Error to the District Court of *Philadelphia:* No. 241, to January Term 1871.

This was an action of assumpsit, brought October 15th 1870, by Samuel Yohe and Edward A. Depew, trading as Yohe & Depew, against Abraham P. Eyre. The cause of action was the following note:—

"$2703.75.                "Philadelphia, June 26th 1870.

"Three months after date I promise to pay to the order of James Gordon twenty-seven hundred and three 75-100th Dollars, without defalcation, for value received.

A. P. EYRE.

Endorsed "JAMES GORDON, by his attorney in fact,
ALONZO GORDON.
L. DOSTER, Jr."

The defendant filed an affidavit of defence: " that the note sued upon in this action is the property of one James Gordon, to whom it was given by deponent, and that the plaintiffs are merely suffering and permitting their names to be used for the purpose of avoiding a defence which deponent has thereto.

" That the sum originally loaned to deponent by an agent of said Gordon, for which this note was given by deponent to said Gordon's agent, was $1888.75, upon which there have been four successive renewals for three months each, upon each of which there was demanded and exacted by said Gordon's agent, and it was at each time agreed by and between said Gordon's agent and deponent, and demanded of and from deponent, and added to the amount of each of said notes with the knowledge of said James Gordon, and for his benefit, the sum of $203.75, making in all $815, usurious and unlawful discount and interest, &c. * * *

"Deponent therefore claims a deduction of $815 on the note now sued upon, being the amount of usurious and unlawful discount over and above six dollars to the hundred allowed on said sum."

The judgment was entered against the defendant for want of a sufficient affidavit of defence, and the damages were assessed at $2735.79.

The defendant took out a writ of error, and assigned for error the entering of the judgment.

*L. Hirst,* for plaintiff in error, was stopped by the court.

*O. A. Law,* for defendant in error.

The opinion of the court was delivered, May 8th 1871, by

THOMPSON, C. J.—We cannot agree in opinion with the learned judge below, that the affidavit of defence in this case was insuffi-

[Eyre v. Yohe.]

cient to prevent judgment against the defendant for the amount of the plaintiff's claim. It positively avers that the note in suit is still the property of the payee, James Gordon, and that the names of the plaintiffs are only used to avoid a defence to it to the extent of the usance, or premium paid, for forbearance beyond the legal rate of six per cent. per annum, which, according to the affidavit of defence, amounted to $815 for four renewals of a note originally for $1888.75. Whether partly paid, or partly paid and partly included in the new note, it was a defence to the note, *pro tanto*, in the hands of the original payee. That it was so in fact when suit was brought the affidavit explicitly avers, and this is to be taken as true by the court, for all the purposes of the Affidavit of Defence Law: Act of 28th May 1858, Purd. 561.

It was not necessary, in a positive affidavit like this, to allege that the defendant expects to be able to prove the defence alleged in the affidavit, and especially now, when the affiant himself will be a competent witness on the trial. For these reasons the judgment must be reversed.

Judgment is reversed, and a *procedendo* is awarded.