## Moeck *versus* Littell.

1. In an action against the endorser of a promissory note, the affidavit of defence disclosed a good defence between the maker and payee of the note, and continued " affiant further avers and expects to be able to prove and show on the trial of this case, that the plaintiff is not the owner and holder for value, and before maturity of the note in suit ; but that the same was handed over to him for the purpose of debarring the maker and endorsers thereof from a defence to the same." *Held*, to be a good defence.

2. While the more usual form of an affidavit is that the affiant " verily believes" the facts which he alleges, yet the affidavit will be sufficient if the facts set forth as constituting the defence are positively averred and with reasonable precision and distinctness.

October 4th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.  WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1876, No. 3.

This was an action of assumpsit brought by James Littell against Jacob Moeck, Sr., one of the endorsers on a promissory note, dated January 4th 1875, for $700 made by Jacob Moeck, Jr., to the order of John Rowley, payable at six months, and endorsed by John Rowley, Conrad Moeck, Jacob Moeck and James Littell, and which was protested for non-payment July 7th 1875.

Peter Moeck for Jacob Moeck, Sr., filed the following affidavit of defence :—

" Affiant purchased from John Rowley the lease of tavern No. 31 Diamond Square, Pittsburgh, and certain personal property therein contained, for the sum of $1700 ; affiant paid the sum of $500 in cash, and gave to said Rowley two notes, one of $500, payable in three months after date, on which suit has been brought and judgment entered, and the note in suit for $700, of which Jacob Moeck, Jr., is the maker ; that affiant procured the same to be endorsed by Conrad Moeck and Jacob Moeck, the present defendant, which making and endorsing was for the accommodation of this affiant, and at the same time for the purpose of securing the said John Rowley in his purchase-money, and affiant says that the defendant

[Moeck v. Littell.]

at the time of the endorsement of said note, was not aware of the amount of the same, nor the real object for which it was given. Affiant further says that a large portion of the consideration of said notes and money was the value of certain personal property alleged to have been on the premises at the time the purchase was made, and which was alleged to have been in good condition by said Rowley; said Rowley further alleging that the tavern stand which was then established there, and which also constituted a part of the consideration of said notes and money, was a first-class stand, very valuable, and that it was to remain in the condition it was then, at the time of the purchase, about January 4th 1875; whereas, in fact, the goods, property, &c., alleged to be on said premises at the time, were almost worthless, and the better portion of them were after the said purchase removed off the premises before its occupation by affiant, by either the said Rowley or some person acting in his behalf, as affiant expects to be able to prove. And whereas, also, the house was not a good or first-class stand, and almost entirely worthless. And the said Rowley, having represented that it would remain in the condition it was then, was also an inducement for affiant to purchase. Yet the same was in a very short time reduced to a condition entirely untenantable, and had to be entirely abandoned, and the defendant avers that the consideration for the note in suit has not only entirely failed, but more than failed, but affiant further avers, expects to be able to prove and show on the trial of this case, that James Littell, the plaintiff above named, is not the owner and holder for value, and before maturity of the note in suit, but the same was handed over to him by John Rowley, the payee, for the purpose of debarring the maker and endorsers thereof from a defence to the same."

A rule was taken by the plaintiff for want of a sufficient affidavit of defence, which rule the court made absolute, and this action of the court was the error assigned.

*Wm. Reardon* and *T. J. O'Keefe,* for plaintiff in error.—If the facts in the affidavit are true they constitute a sufficient defence: Bronson *v.* Silverman, 27 P. F. Smith 94. The facts in the affidavit which are not stated as of the affiant's personal knowledge he avers, as he believes them to be true, and expects to be able to prove, which under the authorities is sufficient: Bronson *v.* Silverman, *supra;* Twitchell *v.* McMurtrie, 27 P. F. Smith 383. A reasonable intendment is to be made in favor of affidavits of defence, and they should not be subjected to a scrutiny unduly rigid: Twitchell *v.* McMurtrie, *supra.*

*Bayne & Magee,* for defendant in error, did not present a paper-book.

[Moeck *v.* Littell.]

Mr. Justice MERCUR delivered the opinion of the court, October 30th 1876.

In this case the court below ordered judgment to be entered for want of a sufficient affidavit of defence. The action was against the endorser of a promissory note. The affidavit averred that he endorsed it at the request, and for the accommodation of Peter Moeck; that the latter delivered it to one John Rowley, in part payment, in the purchase of the lease of a tavern, and a large quantity of personal property thereon. It further asserted the worthlessness of the tavern, and the non-delivery of the most valuable portion of the personal property, and a failure of consideration to the full amount of the note. Neither in the court below, nor here, was it contended that the affidavit did not set forth a good ground of defence between the parties to the contract. As between them, and to the extent of the value of the personal property not delivered, there was an undoubted failure of consideration. The contention then was, and now is, whether the affidavit avers sufficient facts to let in the evidence against the plaintiff below. The language is " affiant further avers, expects to be able to prove and show on the trial of this case, that James Littell, the plaintiff above named, is not the owner and holder for value, and before maturity of the note in suit; but that the same was handed over to him by John Rowley the payee, for the purpose of debarring the maker and endorsees thereof from a defence to the same." This is not only an express averment that the defendant in error is not a purchaser for value of the note, before it matured; but in substance the further averment, that it is still the property of Rowley. If the fact of present ownership in Rowley be proved, undoubtedly the same defence may be made to the note, as if the suit was in his name: Eyre *v.* Yohe *et al.*, 17 P. F. Smith 477.

It is true the more usual form of an affidavit of defence is that the affiant " verily believes" the facts which he alleges. Here instead of belief he positively avers their actual existence. In its legal effect this form of an affidavit may be no stronger than one in the usual form; but certainly it is no weaker. It is quite as effective to prevent the taking of judgment.

The facts set forth as constituting the defence, need be averred with reasonable precision and distinctness only: Bronson *v.* Silverman, 27 P. F. Smith 94. A reasonable intendment should be made in favor of the affidavit: Twitchell *v.* McMurtrie, Id. 383. We think the controlling facts are averred with sufficient precision and distinctness. An ability to prove those facts is distinctly asserted. The assignments are therefore sustained.

Judgment reversed, and a *procedendo* awarded.