# Warren National Bank *v.* Seneca Oil Works, Limited, Appellant.

*Practice, C. P.—Affidavit of defense.*

A mere statement of the defendant's conclusion from facts not disclosed is unavailable as part of his affidavit of defense; but, in determining whether any particular averment is of that character or not, due regard must be had to all the averments contained in the affidavit, and to the further consideration that such affidavits are not required to be framed with the technical accuracy of formal pleadings and should not, therefore, be subjected to the same severe scrutiny.

All that is required is that an affidavit of defense shall set forth, with reasonable precision, such matters of facts as will constitute a substantial

answer to the plaintiff's statement of claim. It is not necessary that it disclose how or by whom the facts relied on as a defense are to be proved.

In an action by a bank upon a promissory note and acceptances of drafts made by W., a refining company, it appeared that the defendant was the drawee of the acceptances and the payee and indorser of the note. W. had executed to the bank a mortgage which recited as follows: " Whereas the bank has agreed to advance from time to time to W. upon and in payment of its notes, acceptances and its other indebtedness of like nature, sums of money not to exceed in the aggregate $15,000 to be paid to W. with interest at such times and in such amounts as may be hereafter agreed upon." It appeared by an agreement in writing that the bank had agreed that the defendant should have the same rights under the mortgage as W. The defendant in its affidavit of defense averred that " the amount of said mortgage and judgment thereon is sufficient to fully cover the entire amount of all notes, acceptances and indebtedness held by said bank against W., including the obligations on which this suit is brought," etc., and then concluded with the averment, " that the said plaintiff has in the manner aforesaid received payment in full of the notes, drafts and bills of exchange upon which this action is founded, referred to in plaintiff's statement, from W. All of which deponent is informed and believes to be true, and said defendant expects to be able to prove the same upon the trial of this cause." *Held,* that the affidavit of defense was sufficient to prevent judgment.

Argued May 4, 1896. Appeal, No. 136, July T., 1895, by defendant, from order of C. P. Warren Co., March T., 1895, No. 42, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before Sterrett, C. J., Green, Williams, Mitchell and Dean, JJ. Reversed.

Assumpsit upon indorsement of promissory note and acceptances of drafts. Before Noyes, P. J.

Rule for judgment for want of sufficient affidavit of defense.

From the record it appeared that the action was brought by the Warren National Bank against the Seneca Oil Company, Limited, upon five acceptances and one promissory note of the Warren Refining Company, Limited, the defendant being the indorser of the note and the payee and drawee of the acceptances. The Warren Refining Company, Limited, the party primarily liable for the payment of all of the acceptances and the note, had previous to their inception, on November 6, 1893, executed and delivered to plaintiff its mortgage on its property to secure the payment of $15,000, said mortgage providing inter alia as follows:

"Whereas, the Warren National Bank, of Warren, Pennsylvania, has agreed to advance from time to time to said first party, The Warren Refining Co., Limited, upon and in payment of its notes, acceptances and its other evidences of indebtedness of like nature, sums of money not to exceed in the aggregate $15,000.00 to be re-paid by the said first party to the said Warren National Bank, with interest, at such times and in such amounts as may hereafter be agreed upon, together with all taxes and charges in nature thereof that may be assessed or levied against the mortgagee in consequence of this indenture or any part thereof, or any judgment that may be obtained thereon, said taxes to be paid by the mortgagor whenever the same shall be payable by the mortgagee; and if paid by the mortgagee shall be added to the principal sums so to be advanced and become a part of the same and draw interest from the time of payment."

The affidavits of defense were as follows:

That the drafts and bills of exchange on which suit is brought in this case are all renewals of other drafts and bills of exchange of like amounts, payment of all of which was secured to said plaintiff by a certain mortgage of said Warren Refining Company, Limited, party mentioned in said obligation, and which was primarily liable for the payment thereof.

That said mortgage was dated November 6, 1893, and recorded in the office for the recording of deeds for Warren county, Pennsylvania, on November 10, 1893, in mortgage book "17" at page 306, and was to secure the payment of the sum of fifteen thousand (15,000) dollars, represented by notes, acceptances and other evidences of indebtedness. That said mortgage was the first lien on the premises sold; as deponent is informed and verily believes.

That said plaintiff caused the foreclosure and collection of said mortgage by proceedings had in the court of common pleas, of Warren county, Penna., at No. 30, June term, 1894, and the premises described in the mortgage were sold at sheriff's sale on June 6, 1894, to H. A. Jamieson, trustee for the plaintiff, for the sum of seven hundred (700) dollars.

That prior to and at the time of said sale the said Warren National Bank, by H. A. Jamieson, its vice president, represented to deponent that in bidding on said property the said

bank was acting in the interest of the defendant, the said Seneca Oil Works, Limited, and that the said Seneca Oil Works, Limited, the defendant in this case, should be in the same position with respect to the avails of said sale as if the property sold for the amount of the judgment and writ, to wit: the sum of $17,050; and requested that said defendant should not bid at said sale, as their rights would be protected to the full amount of the mortgage; and prior to said sale, F. E. Hertzel, cashier of said bank, stated to said deponent, chairman of defendant company, that the whole amount of advances on notes, etc., under said mortgage, was only about $12,000.

That said bank executed and delivered to deponent, as chairman of said defendant company, in pursuance of said agreement, a paper, of which the following is a copy:

"Whereas the Warren National Bank in the name of H. A. Jamieson, trustee, holds a mortgage against the Warren Refining Company, Limited, dated the 6th day of November, 1893, for the sum of $15,000.00, same being collateral security for loans advanced to the Warren Refining Company, Limited, and the property described in said mortgage having this day been sold at public sale for the sum of seven hundred (700) dollars and purchased by H. A. Jamieson, trustee.

"Now the Warren National Bank does hereby agree to and with the Seneca Oil Works that they shall have the same legal right under said mortgage to protection as indorsers upon the paper of the Warren Refining Company, Limited, now in the Warren National Bank, as they would have had if the property had been sold off at the amount of the writ.

"Witness the hand of G. N. Parmlee, president of the Warren National Bank, this 6th day of June A. D. 1894.

"(Signed)                    G. N. PARMLEE, Pres't.
"Witness.
    "F. E. HERTZEL."

And deponent is informed, believes and expects to be able to prove that the amount of said mortgage and judgment thereon was sufficient to fully cover the entire amount of all notes, acceptances and indebtedness held by said bank against the Warren Refining Company, Limited, including the obligations on which suit is brought.

The affiant is informed, believes and expects to be able to prove that the said Warren National Bank has sold the property to H. A. Jamieson for a sum sufficient to pay in full all of the indebtedness secured by said mortgage, a portion thereof being represented by the notes, drafts and bills of exchange in question.

And deponent further avers that the said plaintiff has in the manner aforesaid received payment in full of all the notes, drafts and bills of exchange upon which this action is founded, referred to in the plaintiff's statement, from the Warren Refining Company, Limited. All of which deponent is informed and believes to be true and said defendant expects to be able to prove the same upon the trial of this cause.

*Error assigned* was in making absolute a rule for judgment for want of a sufficient affidavit of defense.

*W. E. Rice, W. D. Hinckley* with him, for appellant.—The defendant should state the facts with reasonable precision, he need not state the manner in which these facts will be proved nor the evidence by which they will be established: Twitchell v. McMurtrie, 77 Pa. 383; Thompson v. Clark, 56 Pa. 33; Kauffman & Co. v. Cooper Iron Mining Co., 105 Pa. 537.

*D. I. Ball, W. D. Brown* with him, for appellee, cited: Bank v. Stadelman, 153 Pa. 637; Erie City v. Brady, 127 Pa. 176; Sigua Iron Co. v. Vandervort, 164 Pa. 575; Bank v. Fair, 127 Pa. 329.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 25, 1896:

It is undoubtedly true, as a general proposition, that " a mere statement of the defendant's conclusion " " from facts not disclosed " is unavailable as part of his affidavit of defense; but, in determining whether any particular averment is of that character or not, due regard must be had to all the averments contained in the affidavit, and to the further consideration that such affidavits are not required to be framed with the technical accuracy of formal pleadings, and should not, therefore, be subjected to the same severe scrutiny. All that is required in an affidavit of defense is that it shall set forth, with reasonable precision, such matters of fact as will constitute a substantial

answer to the plaintiff's statement of claim. It is not necessary to disclose how or by whom the facts relied on, as a defense, are to be proved. In view of these and other considerations, we are not satisfied that the principle above stated was rightly applied by the learned president of the common pleas to the defendant's averment, " that the drafts and bills of exchange on which suit is brought in this case are renewals of other drafts and bills of exchange, of like amounts, payment of all of which was secured to said plaintiff by a certain mortgage," etc.

After referring to plaintiff's agreement of June 6, 1894, in relation to said mortgage, etc., the defendant company in its affidavit says, " the amount of said mortgage and judgment thereon is sufficient to fully cover the entire amount of all notes, acceptances and indebtedness held by said bank against the Warren Refining Company, Limited, including the obligations on which this suit is brought," etc., and then concludes with the averment, " that the said plaintiff has in the manner aforesaid received payment in full of the notes, drafts and bills of exchange upon which this action is founded, referred to in plaintiff's statement, from the Warren Refining Company, Limited. All of which deponent is informed and believes to be true, and said defendant expects to be able to prove the same upon the trial of this cause."

Assuming as we must, in this class of cases, that the averments of fact contained in the affidavits of defense are true, and giving to them the legal effect to which they are fairly entitled, we think they are sufficient to prevent a summary judgment, and thus carry the case to a jury. It is neither necessary nor desirable to consider the questions that may arise on the trial. They are sufficiently indicated in the affidavits of defense; and we are of opinion that the defendant company is entitled to an opportunity of developing the defense on which it appears to rely.

Judgment reversed and a procedendo awarded.