J. P. Wolf, Appellant, *v.* W. M. Jacobs, trading as W. M. Jacobs & Co.

*Practice, C. P.—Affidavit of defense.*

Where a defendant avers facts on his own knowledge in his affidavit of defense, it is not necessary to aver that he is informed, believes and expects to be able to prove them at the trial.

*Promissory notes—Notice of protest—Affidavit of defense.*

In an action against the indorsee of a promissory note, an affidavit of defense is sufficient to prevent judgment, which avers on the defendant's own knowledge that the written notice of a protest averred in plaintiff's statement to have been sent to him was in fact sent to another person who held it for eleven days before showing it to the defendant.

Argued May 19, 1898. Appeal, No. 116, Jan. T., 1898, by plaintiff, from judgment of C. P. Lancaster Co., Nov. T., 1897, No. 29, discharging rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit against an indorsee on a promissory note. Before LIVINGSTON, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

Plaintiff's statement averred that notices of protest had been mailed at the post office in York, Pennsylvania, to the defendants and other indorsers of the note in suit.

The material averment in the supplemental affidavit of defense is quoted in the opinion of the Supreme Court.

The court discharged the rule for judgment.

*Error assigned* was the order of the court.

*J. W. Johnson*, for appellant, cited Lord v. Ocean Bank, 20 Pa. 384; Moore v. Baird, 30 Pa. 138; Newbold v. Boraef, 155 Pa. 227; Smyth v. Hawthorn, 3 Rawle, 355; Newbold v. Pennock, 154 Pa. 592; Comly v. Simpson, 41 W. N. C. 240; Berg & Co. v. Abbott, 83 Pa. 177; Baumgardner v. Reeves, 35 Pa. 250; McGarr v. Lloyd, 3 Pa. 474; Smith v. Janes, 20 Wendell, 192.

*John E. Malone,* for appellee, was not heard, but cited in his printed brief: Stephenson v. Dickson, 24 Pa. 148; Etting v. Schuylkill Bank, 2 Pa. 365; Winsor v. Farmers' & Mechanics' Nat. Bank of Rochester, 81* Pa. 304; Eyre v. Yohe, 67 Pa. 477; Endlich on Affidavits of Defense, sec. 627; Paine v. Kindred, 163 Pa. 642; Ætna Ins. Co. v. Confer, 158 Pa. 604; Griffith v. Sitgreaves, 81* Pa. 378; Radcliffe v. Herbst, 135 Pa. 568.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 21, 1898:

This suit was brought against the defendant as indorser of the note, a copy of which is set out in the plaintiff's statement; and the only question presented by the record is whether the learned president of the common pleas erred in holding that the averments contained in the affidavit and supplemental affidavit of defense were sufficient to prevent a summary judgment. We are all clearly of opinion that he did not.

In the supplemental affidavit it is averred "that the notice of protest of the note in suit, alleged in plaintiff's statement to have been mailed by Henry R. Kraber, notary public, to W. M. Jacobs & Co., was never sent by him to W. M. Jacobs or to W. M. Jacobs & Co., but that all the notices were mailed by said notary to J. P. Wolf, Dayton, Ohio, who held the same about eleven or twelve days when he showed one of the notices to W. M. Jacobs at Lancaster, Pa., which was the only attempt made to notify the defendant of the protest of the note." Appellant's contention is that the affidavit is deficient in not averring that the "affiant is informed, believes and expects to be able to prove" the facts averred by him. But this is necessary only where the affiant cannot state the facts as of his own knowledge: Newbold v. Pennock, 154 Pa. 593. In Eyre v. Yohe, 67 Pa. 477, it was said, that it is "not necessary, in a positive affidavit like this, to allege that the defendant expects to be able to prove the defense alleged in the affidavit." In Moeck v. Littell, 82 Pa. 356, this Court said: "It is true, the more usual form of an affidavit of defense is that the affiant 'verily believes' the facts which he alleges. Here, instead of belief, he positively avers their actual existence. In its legal effect, this form of an affidavit may be no stronger than one in the usual form; but certainly it is no weaker. It is quite as effective to prevent the taking of judgment."

Other authorities to the same effect might be cited, but it is unnecessary to do so. On principle as well as authority the court below was clearly right in discharging the rule for judgment.

Judgment affirmed.