## Andrews, Appellant, v. Blue Ridge Packing Company.

*Practice, C. P.—Affidavit of defense—Function of affidavit.*

An affidavit of defense should set forth fully and fairly facts sufficient, to show prima facie a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasiveness in the mode of statement, it will be insufficient to prevent judgment. But if not deficient in either of these respects, and on its face fairly setting forth a prima facie defense, it is not to be subjected to close technical examination as if it was a special plea demurred to. Its office is to prevent a summary judgment and for that purpose a showing of a defense, with certainty to a common intent is sufficient.

*Practice, C. P.—Affidavit of defense—Corporation—Officer.*

Where the business manager of a defendant corporation swears to an

affidavit of defense as to matters of his own knowledge, it is unnecessary for him to set forth his information and belief.

*Affidavit of defense—Contract—Set-off.*

In an action on promissory notes, an affidavit of defense is sufficient which avers that plaintiff's claim was for money due on certain promissory notes given as memoranda for advancements by plaintiff to defendant on a contract under which the plaintiff was to take and sell on commission the entire product of defendant's fruit packing operations; that plaintiff had refused to take the whole product, whereby part of it was left over the season, to defendant's loss; that plaintiff had not accounted and given credit for the whole of the goods actually taken, had overcharged commissions on the part sold and accounted for; and that the plaintiff upon these transactions was indebted to the defendant in a greater sum than the amount of the notes sued upon.

*Practice, C. P.—Affidavit of defense—Supplemental affidavit of defense —Discretion of court—Allowance.*

A supplemental affidavit of defense will be allowed if the court deems the defense to be probably good, but defectively stated in the original affidavit; a second or third supplemental affidavit may even be allowed. The extent of the indulgence is largely in the discretion of the court.

History of affidavit of defense law.   Per MITCHELL, J.

Argued April 14, 1903.   Appeal, No. 327, Jan. T., 1902, by plaintiffs, from decree of C. P. Luzerne Co., Dec. T., 1901, No. 365, discharging rule for judgment for want of sufficient affidavit of defense in case of B. W. Andrews and George M. Randall, trading as B. W. Andrews & Company v. Blue Ridge Packing Company.   Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.   Affirmed.

Assumpsit on promissory notes.

Rule for judgment for want of sufficient affidavit of defense.

The material averments of the affidavit of defense are stated in the opinion of the Supreme Court.

*Errors assigned* were in discharging rule for judgment, and in allowing a second supplemental affidavit of defense to be filed.

*Felix Ansart*, with him *John G. Johnson*, for appellant.—The affidavits of defense in this case do not conform to the requirements of the law, as given in the following cases: Ogden v. Beatty, 137 Pa. 197 ; Class v. Kingsley, 142 Pa. 636 ;

Superior Nat. Bank v. Stadelman, 153 Pa. 634; Ettinger v. Miller, 153 Pa. 457; Killan v. Brown, 6 Pa. Superior Ct. 15; Sanders v. Sharp, 153 Pa. 555; Cosgrave v. Hammill, 173 Pa. 207; Close v. Hancock, 3 Pa. Superior Ct. 207; Loeser v. Erie City Rag. Warehouse, 10 Pa. Superior Ct. 540.

*John T. Lenahan,* with him *T. J. Chase,* for appellee:

OPINION BY MR. JUSTICE MITCHELL, May 25, 1903:

An affidavit of defense should set forth fully and fairly, facts sufficient to show prima facie, a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasiveness in the mode of statement, it will be insufficient to prevent judgment. But if not deficient in either of these respects, and on its face fairly setting forth a prima facie defense, it is not to be subjected to close technical examination as if it was a special plea demurred to. Its office is to prevent a summary judgment and for that purpose a showing of a defense, with certainty to a common intent, is sufficient.

Tested by this standard the first affidavit of defense was sufficient. It was made by the business manager of the defendant in positive terms. As such officer he must be presumed to be acquainted with the facts and as he took the responsibility of swearing positively as of his own knowledge, it was unnecessary for him to set forth his information and belief: Newbold v. Pennock, 154 Pa. 591; Wolf v. Jacobs, 187 Pa. 260.

The affidavit set up a defense to the whole of plaintiff's claim, arising from a set-off in the same transaction. The defense in substance is that plaintiff's claim is for money due on certain promissory notes given as memoranda for advancements by plaintiff to defendant on a contract under which the plaintiff was to take and sell on commission the entire product of defendant's fruit packing operations; that plaintiff had refused to take the whole product, whereby part of it was left over the season, to defendant's loss, that plaintiff had not accounted and given credit for the whole of the goods actually taken, had overcharged commissions on the part sold and accounted for; and that the plaintiff upon these transactions was indebted to the defendant in a greater sum than the amount of the notes sued upon.

If made out as to the facts this was a good defense to the whole claim. So far as it rested on the contract the court having the latter before it, could look into the respective obligations of the parties, but as to the failure to account for goods sold, and the overcharge in regard to commissions, the result could only be shown by testimony as to facts, and a critical examination of the accounts which can only be had at a trial.

The supplemental affidavits though they complicate the statement of facts somewhat do not materially vary the defense, and as the original was sufficient they were unnecessary. If the insufficiency of an affidavit is manifestly in the substance of a defense, or if evasiveness is patent in the manner of statement, it is usual and proper to give judgment, but otherwise a supplemental affidavit is allowable and is usually allowed.

The origin of the affidavit of defense law was in an agreement of the Philadelphia Bar in 1795 (see note by Mr. W. W. Carr to Detmold v. Gate Vein Coal Co., 3 Weekly Notes Cases, 567), subsequently enforced by rule of court, the validity of which was sustained in Vanatta v. Anderson, 3 Binn. 417. The affidavit under this rule however was only that to the best of defendant's knowledge and belief there was a just and good defense. But under the act of 1835 in relation to the district court of Philadelphia, it was required that the affidavit should state "the nature and character" of the defense. Under this act the district court held that to enable the court to judge of the nature and character of the defense, the affidavit must set forth the facts. The question then at once arose as to the sufficiency of the facts stated to constitute a good defense and the practice of granting judgments for want of a sufficient affidavit rested for half a century on "the uncontrovertible judicial deduction, that an insufficient affidavit was legally no affidavit at all:" Stedman v. Poterie, 139 Pa. 100. In Walker v. Morgan, 2 Weekly Notes of Cases, 173, WILLIAMS, J., refers to the fact that no act of assembly had given the courts of Allegheny county authority to enter judgment for want of a sufficient affidavit of defense, and there was no general statute giving express sanction to such judgments until the procedure act of 1887. Long before that however the practice had become general and was established beyond

question.  As a corollary the practice was equally well estab-
lished to allow a supplement affidavit "if the court deem the
defense to be probably good but defectively stated:" 1 Trou-
bat & Haly, sec. 423.  This was done in the interest of justice,
and the same reasons that move the court to allow a supple-
mental affidavit may move it to allow a second or third supple-
mental, if it still appears probable that the defense is good
and the defect merely in the mode of statement.  The extent
of the indulgence is largely in the discretion of the court.

Order affirmed.