# Friel *v.* Custer, Appellant.

*Practice, C. P—Affidavit of defense—Goods sold and delivered.*

In an action of assumpsit where the plaintiff's statement avers that the goods for which suit was brought were sold to defendant doing business as Wilmerding Grocery Company, at the special instance and request of the defendant, but fails to aver a delivery of the goods, an affidavit of defense is sufficient which avers that the defendant was never in business as the Wilmerding Grocery Company, and that he never purchased or ordered said goods or any part thereof. In such a case as plaintiff does not aver delivery, it is not necessary for the defendant to deny that he received the goods.

Argued May 21, 1903. Appeal, No. 35, April T., 1903, by defendant from order of C. P. Allegheny Co., March T., 1902, No. 460, making absolute rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for goods sold.

The plaintiff's statement of claim and the defendant's affidavit of defense are quoted at length in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*James Fitzsimmons*, for appellant, cited: Hugg v. Scott, 6 Wharton, 274; Moeck v. Littell, 82 Pa. 354; Bronson v. Silverman, 77 Pa. 94; Thompson v. Clark, 56 Pa. 33; McPherson v. Allegheny National Bank, 96 Pa. 135.

*A. Leo Weil*, with him *Charles M. Thorp*, for appellee.—The affidavit of defense on which the rule for judgment was made absolute by the court below did not deny that defendant received and used the goods. An affidavit of defense which merely denies the purchase of goods and is not coupled with a denial of their receipt and use is not sufficient: Endlich on Affidavits of Defense, sec. 383; Reis v. Herman, 1 W. N. C. 84; Hunsicker v. Arnold et al., 1 W. N. C. 589; Register Co. v. Flaherty, 12 Pa. C. C. Rep. 475.

OPINION BY MORRISON, J., October 5, 1903:

This was an action commenced by the plaintiff before a justice of the peace, and came into the court of common pleas by appeal where the plaintiff filed his declaration or statement of claim, and the defendant replied thereto by affidavit of defense. The court granted judgment for want of a sufficient affidavit of defense and this is the error assigned. The plaintiff's declaration is as follows: " James Friel & Company, Limited, the plaintiff above named, complains of W. S. Custer, doing business as Wilmerding Grocery Company, the defendant above named, and says that the defendant is justly and legally indebted to the plaintiff in the sum of $169.17, with interest thereon from November 3, 1900, for goods and merchandise sold by the plaintiff to the defendant, at the special instance and request of the defendant, as shown by the statement hereto annexed, marked ' Exhibit A,' which statement is a copy of plain-

tiff's books of original entry. The prices charged for said goods upon the said statement are the ordinary market prices for said goods, and are the prices which the defendant agreed to pay the plaintiff therefor. The plaintiff has frequently demanded payment from the defendant, but the defendant has hitherto wholly neglected and refused to pay said sum, or any part thereof, and the whole amount thereof, together with interest as aforesaid, without any set-off or abatement whatever, is now due and payable to the plaintiff from the defendant."

The affidavit of defense is as follows : " W. S. Custer, being by me duly sworn saith, that he has a full, just, legal and equitable defense to the plaintiff's case, as follows, viz : that he is not now, nor ever was doing business as 'the Wilmerding Grocery Company,' nor was he ever in business as the Wilmerding Grocery Company. That he is not responsible for said claim or any part thereof. That he never purchased or ordered said goods or any part thereof. That he demands express proof of the items of claim of the plaintiff, and demands the books of original entry of the same."

The learned court below appears to have held this affidavit insufficient because the defendant did not deny that he received the goods declared for in the declaration. But an examination of the statement shows that it does not aver that the goods were delivered to the defendant. It is remarkable in that it stops with the averment that the goods were sold by the plaintiff to the defendant at the special instance and request of the defendant. Now this averment may be true, and yet the goods may never have been shipped nor delivered to the defendant. We think the affidavit is as broad as the declaration, and that it is sufficient. If these goods were sold and delivered to this defendant it would have been easy to have said so. The fact that the statement does not aver a delivery leaves it open to inference that there is some peculiarity about this transaction. The defendant explicitly denies that he ever did business as the Wilmerding Grocery Company. The plaintiff's declaration avers that the goods were sold to him while he was doing business as the Wilmerding Grocery Company.

We cannot see that the court was justified in granting judgment against the defendant decause he did not deny receiving the goods when the declaration failed to aver that the said

goods were delivered to the defendant, or that he received them.

All that is required in an affidavit of defense is that the facts of the defense must be averred with reasonable precision and distinctness: Bronson v. Silverman, 77 Pa. 94; Moeck v. Littell, 82 Pa. 354; McPherson v. Allegheny National Bank, 96 Pa. 135. In the latter case the averment was this: "The plaintiff in his affidavit says the defendant had due notice. The defendant in his affidavit says due notice of nonpayment was not given to affiant. The substance of plaintiff's allegation is that defendant had notice. The substance of defendant's allegation is that no notice was given to him, and he supplements this by more specific denial than was really required, by saying that he never received any notice whatever until suit brought. This is a full denial, in the very terms of the plaintiff's allegation, of the vital fact of notice. It puts the plaintiff to proof of the notice before it can recover." The language above quoted will be found on page 139. So in the case under consideration the plaintiff does not aver that the goods were delivered to or received by the defendant. The defendant denies the material allegations of the declaration in specific terms which are sufficient to carry the case to a jury. In Thompson v. Clark, 56 Pa. 33, AGNEW, Judge, said (page 34), "It is not necessary that an affidavit of defense should be drawn with so such nicety that no critical skill can suggest an objection; but if it sets forth substantially a good defense it should be supported."

In the present case if the defendant never did business as the Wilmerding Grocery Company, and did not receive and use the goods of the plaintiff, then the judgment is erroneous, and he has explicitly sworn in his affidavit of defense that he was never engaged in business as the Wilmerding Grocery Company, and that he never purchased or ordered the goods declared for, and the declaration does not aver that he received or used the goods. Therefore, the court erred in directing judgment against him.

The assignments of error are sustained the judgment is reversed and a procedendo awarded.