## Yearsley, Appellant, *v.* Glaser.

*Practice, C. P.—Affidavit of defense—Personal knowledge of defendant —Information and belief.*

Where the facts set forth in an affidavit of defense, if they exist, are such as must be within the personal knowledge of the defendant, it is reasonable to require that they be averred positively; and if they are so averred, the omission of the usual formula as to information and belief does not render the affidavit defective; nor, on the other hand, will the

concluding of such an affidavit with the averment that "all of these facts he believes to be true, and expects to be able to prove at the trial of the case" have that effect.

An affidavit of defense should set forth fully and fairly, facts sufficient to show prima facie, a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasiveness in the mode of statement, it will be insufficient to prevent judgment.   But if not deficient in either of these respects, and on its face fairly setting forth a prima facie defense, it is not to be subjected to close technical examination as if it were a special plea demurred to.   Its office is to prevent a summary judgment and for that purpose a showing of a defense, with certainty to a common intent, is sufficient.

In an action for work and labor furnished, the defense was not simply that some of the items were excessive, but that when the plaintiff presented his bill the defendant objected to it for that reason, and also claimed a deduction of a certain sum for damages done by the plaintiff's workmen, and that thereupon a dispute arose between the parties which resulted in the plaintiff's admitting the incorrectness of the charges, and in an agreement between them as to the amount due, pursuant to which the sum thus agreed upon was paid by the defendant, and accepted by the plaintiff in full accord and satisfaction of the claim.   *Held,* that in such a case a specification in the affidavit of defense of the items in dispute was unnecessary.

Argued Oct. 4, 1906.   Appeal, No. 19, Oct. T., 1906, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1905, No. 2,323, discharging rule for judgment for want of a sufficient affidavit of defense in case of Thomas Yearsley v. Sigmund Glaser.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit for work and labor done and material furnished.

The defendant filed an affidavit of defense which was as follows:

That on June 00, 1903, he employed the plaintiff to do certain electrical work installing fans and equipment at 5721 Germantown avenue, Germantown, the said plaintiff agreeing to do the same for the sum of $100.

That the said plaintiff performed his contract, but in the course thereof it became necessary to do certain extra work and furnish materials not in the original contract.

That upon completion of said contract he presented his bill to deponent who objected to the excessive charge for the extra

labor and materials, whereupon the plaintiff admitted to excessiveness of the said charges and agreed to accept the sum of $117.98 from deponent, less $2.20 which represented certain damages done by plaintiff's workmen in the course of the work. That the deponent thereupon on July 28, 1903, paid to the plaintiff the sum of $115.78 in full payment of his claim in this action.

All of these facts he believes to be true and expects to be able to prove on the trial of the case.

The supplemental affidavit of defense was as follows:

That upon the completion of the work set out in plaintiff's statement filed, a dispute arose as to the charges for the extra work. That the plaintiff admitted the incorrectness of the charges made and agreed to accept from defendant $117.98 in full payment and satisfaction of his claim, less a deduction of $2.20. That the defendant on said day, to wit: July 28, 1903, paid the plaintiff the said sum of $115.78 by check, a copy of which is hereto annexed, and which said check was duly drawn by plaintiff and accepted by him in full accord and satisfaction of the claim in suit.

That the plaintiff never thereafter made claim upon defendant for two years, when the present suit was commenced.

All of which facts he believes to be true and expects to prove on the trial of the cause.

*Error assigned* was order discharging rule for judgment.

*James Yearsley*, for appellant.

*Edmund Randall*, with him *M. J. McEnery*, for appellee.

PER CURIAM, November 19, 1906:

Where the facts set forth in an affidavit of defense, if they exist, are such as must be within the personal knowledge of the defendant, it is reasonable to require that they be averred positively. And if they are so averred, the omission of the usual formula as to information and belief does not render the affidavit defective: Eyre v. Yohe, 67 Pa. 477; Moeck v. Littell, 82 Pa. 354; Newbold v. Pennock, 154 Pa. 591; Wolf v. Jacobs, 187 Pa. 260; Andrews v. Packing Co., 206 Pa.

370 ; nor, on the other hand, will the concluding of such an affidavit with the averment that "all of these facts he believes to be true, and expects to be able to prove on the trial of the case" have that effect. Viewing this affidavit as a whole it plainly and unequivocally shows that it is not based upon information but upon personal knowledge of dealings between him and the plaintiff, and while the averment of belief might have been omitted the inclusion of it certainly did not impair the effect of the preceding averments.

If the defense were simply that some of the charges in the book account which plaintiff declared upon were excessive, the objection that the affidavit ought to specify the items would be well founded. But the defense is not simply that they were excessive, but that when the plaintiff presented his bill the defendant objected to it for that reason, and also claimed a deduction of a certain sum for damages done by the plaintiff's workmen, and that thereupon a dispute arose between the parties which resulted in the plaintiff's admitting the incorrectness of the charges, and in an agreement between them as to the amount due, pursuant to which the sum thus agreed upon was paid by the defendant, and accepted by the plaintiff in full accord and satisfaction of the claim. In such a case a specification of the items in dispute was unnecessary. "An affidavit of defense should set forth fully and fairly, facts sufficient to show prima facie, a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasiveness in the mode of statement, it will be insufficient to prevent judgment. But if not deficient in either of these respects, and on its face fairly setting forth a prima facie defense, it is not to be subjected to close technical examination as if it was a special plea demurred to. Its office is to prevent a summary judgment and for that purpose a showing of a defense, with certainty to a common intent is sufficient: " Andrews v. Blue Ridge Packing Co., 206 Pa. 370. Tested by this rule, the affidavit of defense as supplemented by the second affidavit was sufficient.

The appeal is dismissed at the cost of the appellant without prejudice.