# First National Bank *v.* McBride, Appellant.

*Promissory notes—Accommodation Indorser—Notice of dishonor—Practice, C. P.—Affidavit of Defense.*

In an action on a note against an accommodation indorser where the statement simply avers that the note was not paid at maturity, due presentation and demand having been made, and that the defendant had due and timely notice of said nonpayment, and the notary's certificate attached to the statement merely certifies that the notary exhibited the note where payable, at the proper time, and demanded payment which was refused, "the answer being no funds, whereof I duly notified the endorser," an affidavit of defense is sufficient which contains a specific denial of oral service, an equally explicit denial that notice of dishonor was sent in accordance with the requirements of law and a positive averment that no notice was ever received.

Argued Oct. 31, 1910.   Appeal, No. 181, Oct. T., 1910,

by defendant, from order of C. P. No. 4, Allegheny Co., Second T., 1910, No. 560, making absolute rule for judgment for plaintiff for want of sufficient affidavit of defense in case of First National Bank of Sewickley v. Katherine A. McBride. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit on a promissory note. Before SWEARINGEN, P. J.

Defendant filed the following affidavit of defense:

It is true and deponent admits the execution on December 11, 1909, by the Pittsburg Tubular Steel Whiffletree Company of the note, a copy of which is attached to plaintiff's statement of claim. She avers, however, that she indorsed said note for accommodation only; that she received no value and had no interest whatever in said note other than that of an accommodation indorser.

She avers that she has no knowledge of presentment of said note at maturity, but if same was presented for payment and payment was refused, she had no notice of the nonpayment and in the absence of notice to her of the nonpayment she is advised and believes that there is no liability for her indorsement. The deponent has no knowledge that said note was protested and she therefore denies and demands proof of the same. She avers, however, that if said note was protested the notice of the same was not sent her in accordance with the law concerning notice of nonpayment.

Defendant filed a supplemental affidavit of defense as follows:

She has no knowledge that the note sued upon was not paid and she therefore denies and demands proof of the same.

She avers that she did not receive any notice of nonpayment whatever, either verbal or in writing, actual or constructive, until a long time after said note was due and that the first and only notice received by her in regard to the nonpayment of said note was by a letter re-

ceived from plaintiff's attorneys some time in March, 1910, or the latter part of February, 1910.

She avers that she has and had at the time said note was due a well-known place of residence at 1406 Pennsylvania avenue, Allegheny, Pa., now a part of the city of Pittsburg, and that she did not receive any notice there or at any other place, nor did any one on her behalf receive any notice there or at any other place.

She calls upon plaintiff to produce the original note, to declare when notice was given, how it was given and if by mail, to what address the same was sent.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*John E. Laughlin,* for appellant.

*W. D. N. Rogers,* with him *O. S. Richardson,* for appellee.

Opinion by Mr. Justice Stewart, January 3, 1911:

This was an action against an accommodation indorser. Judgment was rendered against the defendant for want of a sufficient affidavit of defense. Whether the affidavit was sufficiently responsive to the statement of the cause of action is the question. Except as the defendant was duly notified, in accordance with the requirements of the law, of presentment, demand and failure to pay, she was discharged from liability on the note. The affidavit distinctly denies personal service of notice, orally or otherwise. If it stopped here, its insufficiency would be apparent, for the reason that personal service is not required. · Notice of dishonor duly addressed, that is to say, addressed to the party to be served, and to the post office nearest his place of residence, or to the post office where he is accustomed to receive his letters, and deposited in the

post office, is sufficient in law, notwithstanding any miscarriage in the mails. The plaintiff's statement simply avers that "the note was not paid at maturity, due presentment and demand having been made, and that the defendant had due and timely notice of said nonpayment." The certificate of the notary is made part of the statement. It certifies that the notary exhibited the note where payable, at the proper time, and demanded payment which was refused, the answer being "No funds, whereof I duly notified the endorser." If it be allowed that such certificate of notice falls within the Act of December 14, 1854, P. L. (1855) 724, which makes the certificate of a notary prima facie evidence of the facts therein stated—a matter we do not now decide—for quite as much reason should it be held that the affidavit here filed meets all the requirements as to sufficiency. The former certifies that the indorser, this defendant, was duly notified. This is but another way of saying that the notice was given in accordance with the requirements of law. But how was it given, in which of the two ways allowed by law, orally or by mailing? The certificate is silent as to this. Now if we turn to the affidavit we find that oral service is specifically denied; and equally explicit is the denial that notice of dishonor was sent in accordance with the requirements of law. These denials are followed by the positive averment that no notice was ever received. The averment in the original affidavit is, that if said note was protested the notice of the same was not sent in accordance with the law concerning notice of nonpayment. The denial was as specific as the certificate; and that is all a plaintiff has a right to require. Had the statement averred that the notice had been given in some particular way allowed by law, nothing but a specific denial of the fact alleged would have been sufficient to prevent judgment. To require more than this would be to put an indorser upon inquiry as to something determining his liability, of which the statement of the cause of action gave no notice, and which it would be next to

impossible for him to discover.    The case is closely par-
allelled by that of McPherson v. Allegheny National
Bank, 96 Pa. 136, the only variance being that in that
case it does not appear that the statement was accom-
panied by a notary's certificate.    The variance is imma-
terial, for we are not here considering whether the certifi-
cate of the notary in this case falls within the provisions
of the statute which makes the certificate prima facie
evidence of the facts contained in it.    That question will
arise on the trial of the case.    We have now but to re-
gard the certificate as part of the plaintiff's statement
and judge of the sufficiency of the affidavit by its respon-
siveness.    Speaking of the statement of the cause of ac-
tion in the case referred to, GREEN, J., says, "It does not
state when or in what manner it (notice of dishonor) was
given, nor does it give any particulars of the protest.
Its averment of notice is in the most general language,
this, if denied in the terms of the allegation, is sufficiently
denied for the purpose of an affidavit of defense.    The
plaintiff in his affidavit says 'the defendant had due no-
tice.'    The defendant in his affidavit, says 'Due notice
of nonpayment was not given to affiant.'    The substance
of plaintiff's allegation is that defendant had notice.
The substance of defendant's allegation is that no notice
was sent to him, and he supplements this by a more spe-
cific denial than was really required, by saying that he
never received any notice whatever until suit brought.
This is a full denial, in the very terms of the plaintiff's
allegation, of the vital fact of notice.    It put the plaintiff
to proof of the notice before he can recover.    It is difficult
to see how the defendant could possibly have made more
specific denial than he did.    Had the plaintiff alleged that
on a certain day named, a certain person, also named, had
deposited in the proper post office a letter addressed to
the defendant at his proper post office, containing a writ-
ten or printed notice that the note had been presented
for payment at the proper place and time and was not
paid, it might well have been claimed that these facts

must have been negatived by specific denial in the affidavit of defense. But without such averment it would be asking the impossible to require such denial, since the defendant could not know that such facts were averred against him. The court below could not, and we certainly do not, know how the fact of notice is to be made out. How then in the face of the defendant's denial can any judgment be rendered against him on the present state of the record." We have quoted at length from the opinion so that the parallel as to the facts, and the applicability of the law as there stated, may clearly appear. The case of Zollner v. Moffitt, 222 Pa. 644, calls for no comment. Nothing there said conflicts in the slightest degree with the view here expressed. That case is sufficient authority in itself for our present ruling.

Judgment reversed and procedendo awarded.