## Eliel *v.* Chamberlain, Appellant.

*Promissory notes—Fraud—Proof of consideration—Indorsee.*

1. In an action by an indorsee of a promissory note against the maker where the plaintiff avers in his statement of claim that the note was delivered to him for value before maturity without notice of any question existing between any of the parties to the note, an affidavit of defense is sufficient which denies such averment and sets up that the note was procured from the maker by the payee through false and fraudulent representations all fully and particularly set out in the affidavit.

*Practice, C. P.—Affidavit of defense—Information and belief.*

2. When the facts forming part of a defendant's case are averred upon information and belief, the defendant must add to such an averment that he expects to prove them, or, in the alternative, set out specifically the sources of his information, or the facts upon which his belief rests.

3. In an action upon a promissory note an affidavit of defense sufficiently avers the defendant's own information and belief, when it says: the defendant, stating his name, "being duly sworn says upon information and belief," etc.

Argued Oct 13, 1911. Appeal, No. 175, Oct. T., 1911, by defendant, from order of C. P. No. 4, Phila. Co., June T., 1911, No. 278, making absolute rule for judgment

for want of a sufficient affidavit of defense in case of Louis
S. Eliel v. Joseph B. Chamberlain.  Before RICE, P. J.,
HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and
PORTER, JJ.  Reversed.

Rule for judgment for want of a sufficient affidavit of
defense.

The affidavit of defense was as follows:

Deponent avers that the note, a copy of which is at-
tached to the plaintiff's statement of claim, was obtained
from him by the payee, A. Bender, by fraud, under the
following circumstances: on or about March 29, 1911,
the said A. Bender, who is a dealer in secondhand glass,
approached the deponent and falsely represented to him
that he had purchased on unusually favorable terms,
certain high-grade negative glass from Snellenburg & Co.,
Philadelphia merchants, and that he was without suffi-
cient funds with which to settle for same.  He requested
deponent to purchase this glass, together with certain
other glass, from him and offered to accept a thirty day
note from deponent for $100 in payment thereof, falsely
representing and agreeing that he would use the said
note for the payment of the said glass, which he agreed
to deliver at once to deponent.  Relying upon these
representations and agreements made by the said Bender,
deponent agreed to purchase the said glass from the
said Bender, and gave the said Bender his said note,
to be used for the purpose aforesaid, but the said Bender
failed to deliver to deponent any of the said Snellenburg
glass at any time, although deponent frequently requested
him to do so, and said Bender has failed to deliver any glass
or other consideration for the said note whatsoever, ex-
cept a small shipment of other and inferior glass, amount-
ing in value to about $16.00.

Deponent is informed, believes and expects to be able
to prove upon the trial of the cause, that the said A. Bender
had not purchased any glass of any character whatsoever
from said Snellenburg & Co., and had not made any

arrangement with the said Snellenburg & Co. for any glass whatsoever, not only at the time he made the false representations to deponent, but throughout a period of at least one year last past, and his representations and statements made to deponent to the contrary were utterly false and without foundation in fact. Wherefore deponent avers that the said A. Bender obtained the said note from deponent by fraud, knowing the representations were false, and without intending to give any consideration therefor, and calls upon the plaintiff to show how he obtained the said note: that he purchased the said note from the said Bender for value, in good faith, and without knowledge of the circumstances herein set forth, all of which deponent denies.

The supplemental affidavit of defense was as follows:

Joseph B. Chamberlain, being duly sworn according to law, says upon information and belief that the plaintiff is not a bona fide holder in due course of the said promissory note set out in the statement of claim, all of which he expects to be able to prove at the trial of the cause.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order of the court.

*Walter L. Sheppard,* with him *Forrest N. Magee,* for appellant.—Where the affidavit of defense sufficiently avers fraud in the inception of the instrument, it is sufficient to prevent summary judgment even though it fails to deny the plaintiff's general averment of good title set out in the statement of claim: Hutchinson v. Boggs, 28 Pa. 294; Hoffman v. Foster, 43 Pa. 137; Lerch Hardware Co. v. First National Bank of Columbia, 109 Pa. 240; Real Estate Investment Co. v. Russel, 148 Pa. 496.

A denial or averment in an affidavit of defense need be no more specific than the averment in the statement of claim which it was intended to negative: First National Bank v. McBride, 230 Pa. 261; Friel v. Custer,

23 Pa. Superior Ct. 466; Deacon v. Smaltz, 10 Pa. Superior Ct. 151; Camden Nat. Bank v. Fries-Breslin Co., 214 Pa. 395; Second Nat. Bank v. Hoffman, 229 Pa. 429.

*Alfred Aarns,* with him *Henry N. Wessel,* for appellee.— All of the allegations in the affidavit of defense merely show that the defendant relied upon the promise of the maker to do something in futuro: Com. v. Barker, 8 Phila. 613; Com. v. Moore, 99 Pa. 570; Sloan v. Banking Co., 67 Pa. 470; Com. v. Mullen, 4 Pa. Dist. Rep. 656; Com. v. Fisher, 9 Phila. 594; Mahaffey v. Ferguson, 156 Pa. 156.

If it be ruled that the affidavit of defense sufficiently shows failure of consideration between the original parties, the plaintiff is entitled to a direct denial by the defendant of either the payment of value for the instrument, or of the plaintiff's good faith and lack of knowledge of the equities, or, if defendant wishes to deny upon information, he must disclose the facts, upon which his belief is based: Ball v. Monagan, 1 W. N. C. 188; Bank v. Witzman, 1 W. N. C. 359; Woolverton v. Smith, 4 W. N. C. 442; Gowen v. McPherson, 10 Phila. 358; Black v. Halstead, 39 Pa. 64; First Nat. Bank v. Gregg, 79 Pa. 384.

OPINION BY MORRISON, J., March 1, 1912:

This was an action of assumpsit by an indorsee against the maker of a promissory note. The learned court below entered judgment for want of a sufficient affidavit of defense, and the defendant has taken this appeal. The case is so near like Schultheis v. Sellers, 223 Pa. 513, that we cannot do better than to quote from the opinion of the Supreme Court in that case by Mr. Justice MESTREZAT:

"We think the court was in error and that the case should have been sent to a jury. The question is not whether the defendant is liable on the note in suit, but whether the averments in his affidavit of defense are sufficient to put the plaintiff, an indorsee, to proof whether he acquired the note before maturity, in good faith, and for

value. If the affidavit meets this requirement, it defeats the right of the plaintiff to a summary judgment, and requires the court to send the case to a jury.

"Almost a century ago, in Holme v. Karsper, 5 Binney, 469, it was held in an action on a promissory note that the holder was required to show the consideration he paid for it and how it came into his hands where the defendant proved that it was put into circulation fraudulently. This rule has been recognized and enforced in subsequent decisions. In Lerch Hardware Co. v. First National Bank of Columbia, 109 Pa. 240, it is said in the opinion of the court (p. 244): 'To support an action by the indorsee of negotiable paper, against the maker, in the first instance it is only necessary for the plaintiff to put the paper in evidence. Then, if the defendant proves that the paper was put in circulation by fraud or undue means his defense will prevail, unless the plaintiff establishes that he acted fairly and paid value.' This is now the statutory declaration of the law, sec. 59 of the Act of May 16, 1901, P. L. 194, providing: 'Every holder is deemed, prima facie, to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course.' "

In the present case the learned counsel for appellee rely with much apparent confidence upon the following averments in their declaration, referring to the note in suit: "And then and there duly delivered the same for value before maturity to A. Bender, the payee therein named, by whom the same was then and there duly endorsed and delivered for value before maturity to the plaintiff without notice of any equities existing between any of the parties to the said note." In the case of Schultheis v. Sellers, 223 Pa. 513, the plaintiff's declaration contained the same averment in substance and in addition it was there averred that the defendant had notice that the plaintiff acquired the note in the ordinary course of business for a

good and valuable consideration. But the affidavit of defense denied these averments and set up that the payee of the note procured the same through false and fraudulent representations which were sufficiently set out in the affidavit of defense. And it was there held that the affidavit of defense was sufficient to carry the case to a jury and that the burden was cast upon the plaintiff of establishing that he acted fairly and paid value and was without notice of the fraud. In our opinion the original affidavit in the case under consideration sufficiently sets out the facts which warrant the defendant in swearing, "that the said A. Bender obtained the said note from deponent by fraud, knowing that the representations were false, and without intending to give any consideration therefor, and calls upon the plaintiff to show how he obtained the said note; that he purchased the said note from the said Bender for value, in good faith, and without knowledge of the circumstances herein set forth, all of which deponent denies." We think this affidavit of defense is quite sufficient to cast the burden on the plaintiff of establishing that he acted fairly and paid value and had no notice of the fraudulent character of the inception of the transaction. We understand the law to be that where the affidavit of defense sufficiently avers fraud in the inception of the instrument sued upon, it is sufficient to prevent summary judgment: Hutchinson v. Boggs & Kirk, 28 Pa. 294. That case is cited and recognized in Camden National Bank v. Fries-Breslin Co., 214 Pa. 395; see also Hoffman v. Foster & Co., 43 Pa. 137; Lerch Hardware Co. v. First National Bank of Columbia, 109 Pa. 240; Real Est. Investment Co. v. Russel, 148 Pa. 496.

The averments in the plaintiff's declaration that he took the note for value in the ordinary course of business and without notice of fraud will not enable him to avoid the burden of sustaining such averments which may be cast upon him by the allegations that the inception of the note was tainted with fraud. It is well settled that in cases where an averment in the statement of claim must be

denied in the affidavit of defense the denial need not be more specific than the averment in the statement of claim: First National Bank v. McBride, 230 Pa. 261; Friel v. Custer, 23 Pa. Superior Ct. 466; Deacon v. Smaltz, 10 Pa. Superior Ct. 151.

We think the affidavit of defense and the supplemental affidavit sufficiently set up fraud and deny the averment that the plaintiff took the note in suit for value, before maturity, and without notice of the fraud, to call upon the plaintiff to prove his title and right to recover before a jury.

The learned court below in the opinion granting judgment said: "The defendant contends that, if the case were before a jury, proof of the facts set out in his affidavit would put the plaintiff to proof that he is the bona fide holder of the note for value. This must be conceded, but even so, it does not follow that the defense set up is sufficient to prevent judgment. The plaintiff avers that he obtained the note before its maturity for value, and without notice of the equities existing between the original parties to it. This the defendant does not deny." We are unable to understand either the logic or the rule of law here invoked. In this opinion the learned court below appears to entirely overlook the supplemental affidavit of defense. It is in the following words: "Joseph B. Chamberlain, being duly sworn according to law, says upon information and belief that the plaintiff is not a bona fide holder in due course of the said promissory note set out in the statement of claim, all of which he expects to be able to prove at the trial of the cause." This we think sufficiently states facts which on that point must carry the case to a jury. All that the law requires in such a case is for the defendant to swear in his affidavit of defense to facts, which if believed, will be a good defense before a jury. The learned court concedes in the opinion that if the facts set out in the affidavit of defense, which must include those contained in the supplemental affidavit, were before a jury the plaintiff would be put to proof that he is the bona fide holder of the note for value. This

being so we cannot see how the court reached the conclusion that the plaintiff was entitled to judgment for want of a sufficient affidavit of defense.

Plaintiff's counsel contend that when an affidavit of defense avers facts upon information and belief and expectation of being able to prove the same at the trial, the facts or basis of belief must be set out in addition to the averment of information and belief and expectation of being able to prove the same at the trial. In this conclusion the counsel seems to lose sight of the fact that the supplemental affidavit does set forth the necessary allegation to carry the case to the jury. In support of this proposition the counsel cite Ball v. Monagan, 1 W. N. C. 188; Bank v. Witzman, 1 W. N. C. 359; Woolverton v. Smith, 4 W. N. C. 442; Gowen v. McPherson, 10 Phila. 358. These are all common pleas cases decided in Philadelphia, probably under rules of court which require what the counsel contends for as these cases seem to recognize such a rule, but that is not the rule generally in force throughout the state as appears from the following cases, the first two of which are cited by the same counsel: In Black v. Halstead, 39 Pa. 64, the Supreme Court, by STRONG, J., said: "For this reason, it has generally been held that when the facts forming part of a defendant's case are averred upon information and belief, the defendant must add to such an averment that he expects to prove them, or set out specially the sources of his information, or the facts upon which his belief rests." In First National Bk. of Clarion v. Gregg, 79 Pa. 384, the same doctrine was held in an opinion by Mr. Justice WILLIAMS, where it is said: "And it is defective in not setting forth the sources of his information or asserting any expectation of ability to prove the facts alleged." These cases plainly put these important requirements in the alternative. They do not require the setting forth of the sources of defendant's information and his expectation of ability to prove the facts alleged. To the same effect is Warren Nat. Bank v. Oil Works, 175 Pa. 580; Andrews v. Packing Co., 206 Pa. 370,

and Newbold v. Pennock, 154 Pa. 591. In the latter case it is concisely stated by Mr. Justice MITCHELL, in a similar case to the one under consideration: "Such defense must be specifically set up by the affidavit, and the established and approved form in which this should be done, is to either set forth the facts themselves affirmatively for the court to judge of, or if the affiant cannot state them of his own knowledge, that he is informed, believes and expects to be able to prove them." Now in the present case we think the defendant substantially complied with this requirement in his supplemental affidavit of defense and we cannot ignore the decisions of the Supreme Court and follow the doctrine of the common pleas cases upon which the plaintiff's counsel relies, especially where no such rule is printed in the paper-book and we are only asked to assume the existence of such a rule because it seems to appear from said common pleas cases that the courts of common pleas of Philadelphia county require considerable more in an affidavit of defense than is required under the decisions of the Supreme Court and of this court.

A very technical and refined argument is made that the defendant does not aver in his supplemental affidavit his own belief that the plaintiff is not a bona fide holder in due course, etc. But we cannot agree with this contention. The language is, "says upon information and belief that the plaintiff is not a bona fide holder in due course of the said promissory note set out in the statement of claim, all of which he expects to be able to prove at the trial of the cause." We think this is a fair averment that the information and belief is that of the defendant and not that of some one else, and that it is a substantial compliance with the rule of law as to a fact stated on information and belief. In our opinion this averment in connection with the original affidavit of defense requires that the case should go to a jury. We do not understand that the procedure act of May 25, 1887, P. L. 271, has materially changed the rule as to what is necessary to be set out in an affidavit of defense: Camden National Bank *v.* Fries-Breslin

Co., 214 Pa. 395; Second National Bank of Pittsburg v. Hoffman, 229 Pa. 429.

The assignment of error is sustained and the judgment of the court below is reversed with a procedendo.